## THE PASSAIC.

### (Circuit Court of Appeals, Second Circuit. March 10, 1913.)

#### No. 99.

SHIPPING (§ 203*)—PROCEEDING FOR LIMITATION OF LIABILITY—JURISDICTION —EFFECT OF EMPLOYER'S LIABILITY ACT.

Employer's Liability Act April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. Supp. 1911, p. 1322), does not by implication repeal the statutory provisions permitting shipowners to limit their liability, as applied to actions for injuries to employés on a vessel operated by a railroad company as part of its interstate line, nor affect the right of the company to maintain proceedings for such limitation in a court of admiralty.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. § 637; Dec. Dig. § 203.*

Limitation of owner's liability, see note to The Longfellow, 45 C. C. A. 387.]

Appeal from the District Court of the United States for the Eastern District of New York; Thomas I. Chatfield, Judge.

Proceeding in admiralty by the Erie Railroad Company, as owner of the steam ferryboat Passaic, for limitation of liability. From the decree Frederick Zahn, administrator of the estate of one Wilson, deceased, claimant, appeals. Affirmed.

For opinion below, see 190 Fed. 644.

R. H. Roy, of Brooklyn, N. Y., for appellant.

Wilcox & Green, of New York City (F. B. Jennings, H. Green, and W. C. Cannon, all of New York City, of counsel), for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

WARD, Circuit Judge. One Zahn, as administrator, brought suit against the Erie Railroad Company in the Supreme Court of the state of New York to recover damages for the death of his intestate, an oiler on its ferryboat Passaic, who was killed by the escape of steam from a fracture in the main steam pipe. The ferryboat was engaged in interstate commerce, plying between New York and New Jersey. The Erie Railroad Company filed a petition in the District Court of the United States for the Eastern District of New York to limit its liability, at the same time denying its negligence. Upon its surrender of the ferryboat to a trustee, the usual monition issued restraining further prosecution of all actions in other courts. The administrator filed proof of claim in the District Court and answered the petition.

The cause was tried before Judge Chatfield, who handed down a careful opinion holding that the claimant had failed to prove any negligence upon the part of the petitioner, and ordering that the proceeds of sale of the ferryboat, less expenses, be paid over to it. 190 Fed. 644. We concur fully, and would write nothing more, but for the grounds on which he disposed of the claimant's objection to the jurisdiction of the court, which was that the act of April 22, 1908, by implication repealed the earlier limited liability acts, so far as employés of railroad companies engaged in interstate commerce are concerned. Section 1, c. 149, 35 Stat. 65 (U. S. Comp. St. Supp. 1911, p. 1322), is as follows:

"Section 1. That every common carrier by railroad while engaging in commerce between any of the several states or territories, or between any of the states and territories, or between the District of Columbia and any of the states or territories, or between the District of Columbia or any of the states or territories and any foreign nation or nations, shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment."

Judge Chatfield held that the claimant had waived this objection by filing his claim in the District Court and answering the petition. But the objection goes to the jurisdiction of the court over the subject-matter, and cannot be waived or cured by consent. Therefore we must determine whether the objection, as made, is good. We think it is not. If the limited liability acts and the acts regulating the liability of such railroads to their employés can be construed consistently with each other, so that both shall stand, they must be so construed. What shocks the mind is that whereas full compensation can be had in the case of employés of such a railroad company killed or injured on shore, often only a partial compensation or none at all can be had in the case of employés killed or injured on a vessel of the railroad company. Still this is the very distinction which Congress has made and for many years permitted to stand between lia-

bility of defendants generally for loss of or injury to persons or property on shore and liability of vessel owners for the same injuries. The acts of Congress regulating the liability of railroads to their employés do not affect the cause of action in any way, but abolish certain defenses, such as contributory negligence and assumption of risk. This is entirely consistent with previous legislation limiting the extent of the employer's liability for the cause of action.

The decree is affirmed, but without costs.