THE EL MUNDO. Petition of SOUTHERN PAC. CO. THE FREDERICK LUCKENBACH. Petition of LUCKENBACH S. S. CO., Inc. THE HEWITT. Petition of UNION SULPHUR CO.

(District Court, S. D. New York. March 6, 1923.)

1. Shipping ⏐⏐209(1)—Injured seamen, given new remedies, not subject to injunction for limited liability proceedings.

Act March 4, 1915, § 20, as amended by Act June 5, 1920, § 33 (Comp. St. Ann. Supp. 1923, § 8337a), did not merely give new substantive rights to injured seamen, but purported to give new remedies which are not subject to injunction in limine by proceedings for limited liability under Rev. St. § 4285 (Comp. St. § 8023), and the admiralty rules.

2. Shipping ⏐⏐209(1)—Provision for trial by jury forbids concourse in limine with other claims, and permits action to proceed to final judgment.

Act March 4, 1915, § 20, as amended by Act June 5, 1920, § 33 (Comp. St. Ann. Supp. 1923, § 8337a), giving injured seamen a right of action at law, with jury trial, forbids the bringing of that action into a concourse

⏐⏐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

established in limine with all other claims against the vessel, but permits the action to proceed to judgment and be conclusive for all purposes.

3. **Shipping** ☞209(1)—**Act 1920 forbids enjoining suit for injuries to permit filing of petition for limited liability, but requires defense to be made in action at law.**

Act March 4, 1915, § 20, as amended by Act June 5, 1920, § 33 (Comp. St. Ann. Supp. 1923, § 8337a), giving injured seamen a right of action for damages at law, with jury trial, making "all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees" applicable, does not entitle owner employer to a stay in suit for injuries to permit him to file petition for limited liability, but compels him to prove his defense in the action at law, and, if there are other claims on which he relies to reduce plaintiff's recovery, he must prove those in that action.

In Admiralty. Petition of the Southern Pacific Company for limitation of its liability as owner of the steamship El Mundo. Petition of the Luckenbach Steamship Company, Inc., for exoneration from or limitation of its liability as owner of the steamship Frederick Luckenbach. Petition of the Union Sulphur Company, owner of the steamship Hewitt, for limitation of liability. Stays were granted petitioners in all three cases, and claimants move to vacate the stays. Stays vacated. See, also, 284 Fed. 911.

These three motions present different phases of questions arising under section 20 of the Act of March 4, 1915, as amended by section 33 of the Jones Act of 1920 (Comp. St. Ann. Supp. 1923, § 8337a). In the first case of the El Mundo, the petitioner had commenced an action at law in the District Court for the Southern District of New York, as administrator, to recover damages for the death, by explosion, of a seaman on board the vessel. This was at issue when the owners filed a petition in a limitation proceeding in this court and procured a stay. The vessel was not destroyed, and there were two other claims which might be presented against her, one for the death of another seaman, and the other for salvage. In the second case of the Luckenbach, the petitioner had brought an action in this court for personal injuries suffered as seaman while on board. The owners here also filed a petition in a limitation proceeding, although this was the only claim and got a stay. It was in issue whether the vessel is of a value equal to the ad damnum in the complaint. In the case of the Hewitt, the petitioner was the administrator of a seaman lost when the vessel foundered on the high seas with all on board. He has brought no action, but the owners have filed a petition in a limitation proceeding and procured a stay, alleging that there was neither vessel nor freight to surrender. All the petitioners move to vacate the stays.

Harry S. Austin, of New York City, for Kimmel.

Arthur Lavenburg, of New York City, for claimants of the Hewitt.

E. H. Womack, of New York City, for Buckley.

Peter Carter, of New York City, for Luckenbach S. S. Co., Inc.

Oudin, Kilbreth & Schackno, of New York City, for Union Sulphur Co.

Burlingham Veeder, Masten & Fearey, Chauncey I. Clark, S. C. Coleman, and J. D. Eggleston, all of New York City, for Southern Pac. Co.

LEARNED HAND, District Judge (after stating the facts as above). The single question arising in all these cases is of the meaning of

section 33 of the Jones Act (Comp. St. Ann. Supp. 1923, § 8337a), which reads as follows:

"Sec. 33. That section 20 of such Act of March 4, 1915, be, and is, amended to read as follows:

" 'Sec. 20. That any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; and in case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable. Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located.' "

This statute cannot be understood without recalling the law as it stood at the time of its enactment. The Osceola, 189 U. S. 158, 23 Sup. Ct. 483, 47 L. Ed. 760, had laid it down that an injured seaman's rights were limited to maintenance and cure and indemnity in case his injuries arose from the unseaworthiness of the ship. There were expressions in that opinion which seemed to indicate that he was deprived of the usual rights of an employee because of the fellow-servant doctrine, and section 20 of the Act of March 4, 1915, in its original form was supposed to meet the difficulty by eliminating the rule. In Chelentis v. Luckenbach S. S. Co., 247 U. S. 372, 38 Sup. Ct. 501, 62 L. Ed. 1171, it was, however, held that a seaman could recover only under the law of the sea and that Congress had not meant to extend the usual liabilities of master and servant to such cases. Hence the removal of the fellow-servant doctrine proved ineffectual. Apparently it was to supply this defect that section 20 of the Act of March 4, 1915, was amended to the form given above.

In The Passaic, 204 Fed. 266, 122 C. C. A. 466 (C. C. A. 2), a case was up of a railway employee injured upon a vessel in the harbor of New York. It was assumed that he might sue under the federal Employers' Liability Act, but it was held that that statute was compatible with the Limitation Act, so that the owner employer might enjoin the action, bring the claim through limitation proceedings into a concourse with other claims against the vessel, and limit the aggregate recovery to her value and freight. Such was the condition of the law when section 20 was amended. A seaman at his election already had his action at law under the maritime law with trial by jury, or his libel in the admiralty. But in either case he was subject to injunction and a concourse under Rev. Stat. § 4285 (Comp. St. § 8023), and the proceedings laid down in admiralty rules 51, 52, 53, and 54. He did not, therefore, have any right to trial by jury except at the will of the owner employer, because his action at law could be enjoined in limine.

[1] The amendment to section 20 did not merely give new substantive rights to the seaman, but it purported to give him new remedies. If it be read as leaving his former remedies unchanged, still subject to injunction in limine by proceedings under Rev. Stat. § 4285, and the admiralty rules, its purpose is defeated. In that case the seaman could

not have an action at law at his own election, but at the election of the owner employer, and the amendment would be brutum fulmen. In short, if these stays are valid, the change has accomplished nothing, except to vest in the seaman new substantive rights. It meant more than that.

At the argument I thought that it might be possible to give effect to the amendment by allowing the actions to proceed to judgment and then staying any execution. This was the course followed in The Benefactor, 103 U. S. 247, 26 L. Ed. 466, where it was held that, while the decrees were res judicata, they could be brought into a limitation proceeding thereafter and the res distributed. However, in The Benefactor, all the claimants had brought suit in a consolidated libel, and the decree estopped everybody. It was possible in that case, therefore, to distribute the res without any new litigation. If, however, that had not been the case, there is no reason to suppose that the procedure would have been permitted; because in that case the decrees would not have estopped the other claimants, not parties to the libel, and, if the owner could have brought the litigated claims into concourse, the whole controversy must have been fought over again. It seems to me inconceivable that an owner may lie back and allow judgment to go against him, and then compel the plaintiffs to relitigate the whole proceedings with new claimants, in order to recover anything out of the res.

[2] However that may be in respect of other claims, it cannot be the meaning of the present amendment. In giving the seaman a right of action at law, it must mean to make the resulting judgment conclusive. If there is to be any concourse, it must be in limine, and for the reasons already given it cannot be in limine. Hence it appears to me that my notion on the argument was not a possible solution. The right of action with a jury trial means that the action must proceed to judgment and be conclusive for all purposes. This can only be in case the owner must make such defenses as he has in the action itself.

It does not, of course, follow that the owner employer may not still have his right to limit under Rev. Stat. §§ 4283, 4284 (Comp. St. §§ 8021, 8022). It has always been possible for him to plead it as defense in the action or libel. The Scotland, 105 U. S. 24, 33, 34, 35, 26 L. Ed. 1001; The Great Western, 118 U. S. 520, 525, 526, 6 Sup. Ct. 1172, 30 L. Ed. 156. When there is but one claim, this procedure offers no embarrassments; the recovery being limited in the action to the value of the vessel and her freight, if the owner shows that he has not been privy to the loss. All this can be done in the action. When the owner wishes to set up, not only the value of the vessel, but that there are other claims which must share in that value, the situation is indeed more complicated, but even then the difficulties are not insurmountable. In The Scotland, supra, it was held that Rev. Stat. § 4284, gave one remedy, and Rev. Stat. § 4285, another, and that it was in elaboration of the second only that the limitation proceedings created under the admiralty rules were created. Moreover, it was clearly intimated, if nothing more, that in the first case under Rev. Stat. § 4284, there could be a proper award of recovery against the owner, even

though he did not bring in other claimants, though in that case there were in fact none such.

[3] I think the rule must be after this amendment that the owner employer must make his defense in the action at law, and that, if there are other claims on which he relies to reduce the plaintiff's recovery, he must prove those in that action. Such proof will not, of course, estop those other claimants, and in so far the owner remains in peril; but that is essential if he is deprived of his remedy of a concourse under Rev. Stat. § 4285, and the rules. While the proof of a number of such claims as partial defenses will in some cases complicate the action at law, it will be no more cumbersome than those cases in which a jury must determine a number of causes of action joined in one declaration. In any event, cumbersome or not, I can see no other way of enforcing the amendment. There are no alternatives, but to take away the action at law in limine, to make it abortive by allowing a relitigation in concourse, or to compel the owner to prove his limitation with whatever that entails in the action itself. Of the three I have no doubt that the amendment compels me to accept the third.

In conclusion, by way of caution, I do not mean to imply that the amendment in fact leaves any right of limitation to the owner at all. In view of this privilege on our statute book, and of the favor accorded to shipowners, it may well be that they may still limit such recoveries. Of that I have nothing to say, because it is not up here. Assuming that the right still exists, there is no reason to suppose that the owner's remedies were not meant to be curtailed, and every reason to suppose that they were. As I have said, no difficulties of procedure arise, unless there are several claims and a res to be distributed. In that case those difficulties inhere in the situation under any theory, save that of a concourse established in limine, and that, as I view it, the amendment in any event forbids.

Stays vacated in all three proceedings.