## THE EDWARD.

### Petition of EAST RIVER TOWING CO., Inc.

#### (District Court, E. D. New York. January 16, 1923.)

Shipping ⊙⟱203—Jones Act changed law respecting limited liability of owner.

> Jones Act, § 33 (Comp. St. Ann. Supp. 1923, § 8337a), giving injured seamen a right of action for damages at law, with jury trial, making "all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees" applicable, changed the law with respect to limitation of liability of owner employer.

In Admiralty. In the matter of the Edward. Petition of the East River Towing Co., Inc., for limitation of liability, in which petitioner procured a stay of action, which plaintiff moves to vacate. Stay vacated.

Questions certified by the Circuit Court of Appeals (291 Fed. 1017) to Supreme Court.

William S. Butler, of Brooklyn, N. Y. (James A. Gray, of Brooklyn, N. Y., of counsel), for petitioner.

E. C. Sherwood, of New York City (William L. O'Brion, of New York City, of counsel), for defendant.

GARVIN, District Judge. On December 5, 1922, an order was made herein restraining the plaintiff in an action pending in the Supreme Court of New York, County of Kings, entitled "Elizabeth Mc-

⊙⟱For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Caffrey, as Administratrix of the Goods, Chattels and Credits of Thomas McCaffrey, Plaintiff, against East River Towing Company, Inc., Defendant," from further prosecuting said action. The plaintiff therein appears specially in this proceeding and moves to vacate the stay so granted. The motion is based upon the following grounds:

(1) The act of 1851 and amendments thereto, commonly known as the Limited Liability Law, and the rules in admiralty adopted in pursuance thereof, have no application to the cause of action set forth in the complaint of the plaintiff therein.

(2) This court has no jurisdiction to restrain or in any way interfere with the prosecution of said action begun and pending in the Supreme Court of the state of New York for the cause of action set forth in the complaint therein.

(3) That the petitioner herein is indemnified to the extent of $25,000 against loss by accident such as that set forth in the complaint in the said action and under the terms of the said policy of indemnity the insurance carrier is not released by the bankruptcy or insolvency of the assured, and the liability therefor, in any event, is that of the insurance carrier, and not of the petitioner herein.

The action in the New York Supreme Court was brought to recover damages for the wrongful death of plaintiff's husband, who lost his life as a result of the explosion of a boiler on the steam tug Edward, owned by the East River Towing Company, Inc. After suit was brought, the defendant instituted in this court a proceeding to limit the liability of the defendant, and procured the stay which the plaintiff now seeks to vacate.

No question is raised with respect to the validity of the Limited Liability Act, or with the exclusive jurisdiction of admiralty in any case when such limited liability is involved; but it is contended that the enactment by Congress of the Jones Act, so called (41 Stat. 988), was intended to afford seamen rights which had theretofore been denied. Section 33 of the act (Comp. St. Ann. Supp. 1923, § 8337a) provides:

"That section 20 of such Act of March 4, 1915, be, and is, amended to read as follows:

"'Sec. 20. That any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; and in case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable. Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located.'"

This section was under judicial consideration in Petition of Canadian Pacific Railway Co. (D. C.) 278 Fed. 180, 197, in which the court said:

"This statute creates a substantive right—adds to one and takes from another—changes the relation of the parties at the time of the casualty. It introduces a new policy and changes the existing statutes. The accident occurred 20 months prior to the passage of this act, and it may not be given retroactive effect."

From this observation it would appear that, if the accident had happened after June 5, 1920, the court would have held that liability could not be limited. This is a question of great importance, and as any determination by this court will doubtless be reviewed with as little delay as possible, I shall content myself with the statement that it is my conclusion that Congress intended to change the law with respect to limitation of liability.

Motion to vacate stay granted.