IN THE MATTER OF PETITION OF EAST RIVER TOWING CO., INC., FOR LIMITATION OF LIABILITY OF THE STEAMTUG EDWARD, HER ENGINES, ETC.

CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 81.   Argued November 25, 1924.—Decided December 8, 1924.

1. An action at law brought under § 33 of the Merchant Marine Act of June 5, 1920, c. 250, 41 Stat. 988, to recover damages for the death of a seaman from personal injuries suffered in the course of his employment, is subject to the injunction provided by Admiralty Rule 51 in aid of limitation of liability proceedings. P. 366

2. The Merchant Marine Act, § 33, did not impliedly repeal the statute regarding limitation of liability of shipowners (Rev. Stats., §§ 4283, *et seq.*,) so far as claims or suits based on personal injuries to, or death of, seamen are concerned. *Id.*

CERTIFICATE from the Circuit Court of Appeals in a proceeding in admiralty for limitation of liability, appealed from the District Court. See 291 Fed. 1017.

*Mr. E. C. Sherwood* and *Mr. John M. Woolsey,* with whom *Mr. Clarence S. Zipp* was on the brief, for appellant.

The purpose of the law of limitation of liability is to encourage the building of and investment in ships. As a consequence, it is to be liberally construed and fully enforced. *The Main* v. *Williams,* 152 U. S. 122; *Richardson* v. *Harmon,* 222 U. S. 96; *Norwich Co.* v. *Wright,* 13 Wall. 104; *The Scotland,* 105 U. S. 24; *Providence S. S. Co.* v. *Hill Mfg. Co.,* 109 U. S. 578; *Butler* v. *Boston S. S. Co.,* 130 U. S. 527; *Southern Pacific Co.* v. *Jensen,* 244 U. S. 205; *La Bourgogne,* 210 U. S. 95; *Moore* v. *American Transp. Co.,* 24 How. 1.

That the Limited Liability Law is applicable to cases of personal injury and death is well established. *Butler* v. *Boston S. S. Co.,* 130 U. S. 527; *Craig* v. *Continental Ins. Co.,* 141 U. S. 638; *White* v. *Island Transp. Co.,* 233 U. S. 346; *Richardson* v. *Harmon, supra.*

The proceeding must necessarily be exclusive in order to give the shipowner the remedy and relief intended by Congress. Admiralty Rules, 51–55; *The San Pedro,* 223 U. S. 365; *Providence S. S. Co.* v. *Hill Mfg. Co., supra; Norwich Co.* v. *Wright, supra.*

The theory is that, as there was one wrong committed by the shipowner, he is entitled to a remedy somewhat analogous to the old Bill of Peace in equity, to enable him to try out his liability as against everyone interested, in the one proceeding. See *La Bourgogne, supra; The Titanic,* 233 U. S. 718; *The Lusitania,* 251 Fed. 715.

In *The F. H. Marvin,* 1924, Am. Mar. Cas. 53, a motion to vacate a stay of state court proceedings, on the ground

that § 33 of the Merchant Marine Act overrode a ship-owner's remedy in limitation of liability, was properly denied.

The outstanding feature of § 33, which materially changes or purports to change the rights of a seaman, is the provision abolishing the fellow-servant rule as a defense. This had been ineffectually attempted in § 20 of the Seaman's Act. *Chelentis* v. *Luckenback S. S. Co.*, 247 U. S. 372. That principle and the principle of limited liability do not conflict. Both continue in force at the same time. One forms a part of the rules by which is determined the presence or absence of legal liability on the part of the employer; the other relates to the aggregate amount that an employer who has been found legally liable shall be made to pay.

The Federal Employers' Liability Act (adopted in the Merchant Marine Act,) does not by implication repeal the statutory provisions permitting shipowners to limit their liability, or affect the right of the owner to maintain proceedings for such limitation in a court of admiralty. *The Passaic*, 204 Fed. 266.

By reason of their very nature, many provisions of the "statutes of the United States modifying or extending the common law right or remedy in cases of personal injury to railway employees" do not apply to actions by seamen, and cannot be made to apply, the fiat of Congress to the contrary notwithstanding. A seaman is not concerned with defects in railroad tracks, cars, locomotives or roadbeds; or with safety appliances on locomotives and railroad cars. In these circumstances, it is not too much to say that Congress understood that the sweeping language employed must of necessity be limited by many exceptions not therein expressed or suggested. The result is plainly to cast upon the courts the burden of determining what changes in the maritime law were intended and effected.

Section 33 created new rules of liability as between seamen and shipowners; the substantive nature of their relationship was modified. At the same time, moreover, these rules of liability were enforceable, either at common law with a jury " as an incident ", or in admiralty before the court. *Panama R. R. Co.* v. *Johnson,* 264 U. S. 375.

The statute thus construed merely places seamen in a remedial status the same as that in which they have always been. They could always bring a common law action to enforce their substantive rights. The jury was not a part of the right conferred, but merely a part of the machinery of the remedy.

But a petition for limitation of liability is also a remedy which is available to the shipowner. It does not affect the rights of the seamen under § 33, but only the form of the seamen's remedy.

There has never been a right of trial by jury in admiralty. Rev. Stats., § 648, excludes juries from proceedings under equity and admiralty jurisdiction, and this Court has uniformly sustained this procedure.

Inasmuch as this Court has construed § 33 to have become part of the maritime law, all question of any alleged right to a jury trial is excluded. Indeed, it is difficult to understand on what the alleged right to a jury trial, in this case, could be based, except on a constitutional provision. So far as the admiralty court is concerned, there is no such provision. Consequently, when a shipowner invokes an admiralty remedy in the admiralty court, the fact that a jury might be available in another forum seems immaterial.

There was not any repeal of the limitation statutes by implication. The Merchant Marine Act, § 2, repeals certain enumerated acts, but no mention is made of the limited liability laws. The rule that the enumeration of certain members of a class is the exclusion of all others

of that class not enumerated, applies. *Soliss* v. *General Elec. Co.*, 213 Fed. 204. When Congress determined to exempt seamen's wages from the operation of the limited liability statute, it did so in specific terms. 23 Stat. 57.

Repeals by implication are not favored. To find a repeal by implication, that implication must be the necessary deduction from the later statute. If the two statutes can be construed so as to be reconcilable, that construction should be taken rather than one which effects repeal of the earlier law. The two statutes here under consideration are not so hostile that both cannot stand. The contention that acts giving new rights against or imposing new liabilities on shipowners have repealed in part, at least, the limitation of liability statutes, is not novel; where this contention has been made the courts have disapproved it. *Chappell* v. *Bradshaw*, 35 Fed. 923; *The Hoffmans*, 171 Fed. 455; *The Passaic*, 204 Fed. 266; *Alaska S. S. Co.* v. *United States*, 259 Fed. 713; s. c. 253 U. S. 113; *Butler* v. *Boston S. S. Co.*, 130 U. S. 527.

The application of the limited liability statutes is not confined to cases involving claims of seamen. It applies to cases involving claims of passengers, owners of other ships, shippers, salvage claimants, stevedores, the Government, and bridge owners. [Citing cases.] These various parties must come into a limitation proceeding to assert their claims, although quite obviously they would have no concern with any of the provisions of the Merchant Marine Act. Also, the great majority of injured seamen would never be in collision with the limited liability statutes.

Thus there is no identity between the field of operation of the one statute and that of the other which could serve as a basis for a conclusion that the later act was intended to repeal the eariler.

Passengers and other classes have a right to a jury trial and full indemnity, subject to a shipowner's right to

limit his liability. When a seaman is given a right to a jury trial and full indemnity, it is presumably for the purpose of granting him rights equal to those of the other classes. The statute is without words of preference which would indicate an intent to grant him greater rights. The provision as to jury trial was put in to make it clear that the new maritime law was to be enforced on the common-law side of the court, and that the usual defenses should not apply in seamen's cases in common-law courts.

The appellee contends that § 6 of the Federal Employers' Liability Act, forbidding removal from a state to a federal court, is incorporated by reference into the Merchant Marine Act, and that appellant's proceeding to limit its liability is a removal. The answer is obvious. Appellant's proceeding is not a removal of the appellee's state court action; it is an entirely new proceeding in a new forum in arrest of that state court action. *Providence S. S. Co.* v. *Hill Mfg. Co.,* 109 U. S. 578.

It is then unnecessary to consider appellee's argument that § 6 is incorporated in the Merchant Marine Act; although it may be noted that an action at law in a state court, brought by a seaman under that act, has been held removable into a federal court. *Wenzler* v. *Robin Line S. S. Co.,* 277 Fed. 812.

The limitation of liability acts deal with remedies, not with substantive rights. *Butler* v. *Boston S. S. Co.,* 130 U. S. 527; *The Titanic,* 233 U. S. 718.

*Mr. William S. Butler* and *Mr. James A. Gray,* with whom *Mr. Henry J. Beilman* was on the brief, for appellee.

The limited liability statutes have no application to cases brought under the Merchant Marine Act for personal injury resulting in death. Their history and judicial construction show their purpose to have been not only to encourage the building of a merchant marine, but also to safeguard the rights of seamen, such as the exemption of seamen's wages and the exclusion, from

the benefits of limitation, of loss incurred with the privity and knowledge of the owner.

The limitations and qualifications particularly applicable to this proceeding are such as leave the owner only liable for his own fault, neglect and contracts. *Richardson* v. *Harmon,* 222 U. S. 96; *Pendleton* v. *Benner Line,* 246 U. S. 353; *Liverpool Co.* v. *Phenix Ins. Co.,* 129 U. S. 397.

Prior to the Merchant Marine Act, except for unseaworthiness, a seaman injured in course of his employment could recover only maintenance, wages and cure; if death ensued, no right of action existed under the admiralty law. That act placed seamen upon the same footing with railroad employees engaged in interstate commerce, both as to personal injuries and death as the result of such injuries. Now a seaman who suffers personal injury may, at his election, maintain an action for damages at law with the right of trial by jury, and all statutes modifying or extending the common-law right or remedy of railway employees shall apply; and, in case of his death from such injury, his personal representative may maintain an action at law with the right of trial by jury, and in such case all statutes of the United States conferring or regulating the right of action for death in case of railway employees shall apply.

The petition of appellant to limit its liability constituted a removal of the action from a state court to a federal court. *The San Pedro,* 223 U. S. 365. The state court is ousted of all jurisdiction, and the remedy sought therein must be pursued in the proceeding in the admiralty court. Appellee's right to damages and the amount thereof, if any, must be determined by a commissioner named by the admiralty court instead of, as Congress says, " an action for damages at law with the right of trial by jury." The court is without power thus to abrogate a valid provision of statute law. Sec-

tion 6 of the Employers' Liability Act prevents the removal from a state court to a federal court on any ground whatever. *Martin* v. *New York R. R. Co.*, 241 Fed. 696; *Teel* v. *Chesapeake Ry. Co.*, 204 Fed. 918; *Hulac* v. *Chicago Ry. Co.*, 194 Fed. 747. It is hardly conceivable that Congress, when it passed the Merchant Marine Act, was ignorant of § 6 of the Employers' Liability Act, or of the construction that had been put upon it by the courts. As it did not except from the statute the application of this section to cases of seamen, the conclusion is that it was intended to apply.

It is said that the repealing clause of the act says nothing of limited liability, while, if Congress intended to affect that provision, it would have referred to it specifically. Why, when the system brought into the admiralty law contains a prohibition of limited liability (Employers' Liability Act, § 5) should further reference be necessary? Section 5 declares an established policy,—that full indemnity shall be paid for the injury sustained by all who come within its provisions,—and it prohibits any device to exempt the employer from liability. See *Liverpool Co.* v. *Phenix Ins. Co.*, 129 U. S. 397.

Certainly Congress never intended to permit a limitation of liability which it prohibited the parties themselves to create by agreement. To do so would be to practically nullify the removal of a distinction between employees differing only in the place of employment and to render nugatory a remedial act which must always be given such construction as will best tend to prevent the mischief and advance the remedy.

The power of Congress to enact § 33 of the Merchant Marine Act is sustained in *Panama R. R. Co.* v. *Johnson*, 264 U. S. 375. Congress, exercising the power it has always possessed but has never before used, brought into and made part of the maritime law that system of rules which, since 1908, has been applicable to railroad employees. This is no greater innovation in the existing

order than was the original incorporation of the rules in the system from which they are taken.

Repeals by implication are not favored; but, in so far as a subsequent statute is inconsistent with an existing one, or the new statute covers the entire field to which it relates or changes a legislative policy theretofore established, or qualifies existing law, the subsequent statute will prevail. *The Paquete Habana,* 175 U. S. 677; *United States* v. *Yuginovich,* 246 U. S. 448; *Campbell* v. *Wadsworth,* 248 U. S. 169. An analogous situation arose in connection with the construction of the Act of 1884, adding to the existing limited liability statute. See *Richardson* v. *Harmon,* 222 U. S. 96, 103.

For the benefit of seamen, and in a manner approved by this Court, the rules applicable to railroad employees were made a part of the maritime system. *Panama R. R.* v. *Johnson, supra.* If the restriction contended for by the appellant attaches, the system is in effect nullified and the great step forward rendered worthless to those intended to be benefited thereby. See Benedict, Admiralty, 4th ed., p. 149, § 190; *In re Charles Nelson Co.,* 294 Fed. 926.

*The Benefactor,* 103 U. S. 239, is not an authority either to stay the prosecution of the action now pending or for the proposition that the limited liability act is applicable under the circumstances of the instant case. The theory of that decision is that the flexibility of admiralty proceedings is such as to enable courts so to shape their course as to obtain justice between the parties, and extends the right to limit the liability after the damages have been assessed by the trial court.

The classes of persons other than seamen who must come into a limitation proceeding to assert their claims of course have no concern with the Merchant Marine Act, and hence are in no way affected by it but remain just where the limited liability statutes place them.

On the other hand, the representative of the seaman whose death resulted from personal injuries is vastly concerned. His cause of action was unknown to the maritime law until almost three quarters of a century after the Limited Liability Act was passed. The section of the Merchant Marine Act which created this cause of action attached no limitation or qualification to it, but made it specifically applicable to seamen only, and to them only when death ensued from injury sustained in the course of employment.

Under the limited liability statutes, the shipowner, while liable without limit for his own negligence, is liable only to the extent of the ship and freight for the negligence or misconduct of the master and crew. Under the system imported into the maritime law and which appellee invokes, he is liable, without limit, not only for his own negligence, but for the negligence of those to whom he delegates the duties imposed by law upon himself, that is to say, for death resulting in whole or in part from the negligence of any of the officers, agents or employees of the shipowner or by reason of any defect or insufficiency due to his negligence in the ship's appliances or machinery.

In case of death, " election " is not a part of the provision. . The right to " maintain " the action is not subjected to any limitation or qualification whatever.

*Mr. Chauncey I. Clark* and *Mr. Samuel C. Coleman,* by leave of Court, filed a brief as *amici curiae.*

*Mr. Frank P. Deering, Mr. Halsey L. Rixford* and *Mr. Robert M. Jones,* by leave of Court, filed a brief as *amici curiae.*

Mr. Justice Holmes delivered the opinion of the Court.

This case comes here upon a certificate from the Circuit Court of Appeals for the Second Circuit. The facts

are few.  On August 2, 1922, the Steamtug Edward, belonging to East River Towing Company, Inc., a New York Corporation, sank in New York harbor because of an explosion of her boiler.  This caused the death of her captain, Thomas McCaffrey, and his administratrix brought a suit against the Company in the Supreme Court of New York.  Thereupon the Company filed a petition for limitation of liability in the District Court of the United States.  Rev. Stats., §§ 4283, *et seq.*  Admiralty Rules 51–55.  The District Court made an order under Rule 51 restraining the further prosecution of the suit, but on motion vacated the stay on the ground that the statutes limiting liability were repealed so far as they applied to this case by the Merchant Marine Act, June 5, 1920, c. 250, § 33; 41 Stat. 988, 1007; under which the suit purports to be brought.  294 Fed. 686.  The questions certified are:  " (1) If an action at law be brought such as is described in Merchant Marine Act 1920, Sec. 33, can the prosecution thereof be enjoined by the injunction provided for in Admiralty Rule 51? . (2) Has the Merchant Marine Act 1920, Sec. 33, impliedly repealed the statute regarding limitation of liability of ship owners so far as claims or suits based on personal injuries to or death of seamen are concerned? "

Section 33 of the Merchant Marine Act gives an action at law with the right of trial by jury to any seaman suffering personal injury in the course of his employment, or to his personal representative in case of his death from such injury.  In the former cases the statutes of the United States modifying or extending the common law right or remedy of railway employees shall apply; in the latter such statutes conferring or regulating the right of action for death of such employees.  The argument that this section removes the personal injury or death of seamen from the statutes limiting liability is based upon the growing considerations for the claims of labor; the

suggestion that the enlistment of seamen needs to be encouraged equally with the building of ships; and the supposed inconsistency of the right to a jury trial and of some of the statutes incorporated by reference, with the continued application of the older law.   Thus the Act of April 22, 1908, c. 149; 35 Stat. 65; as amended by the Act of April 5, 1910, c. 143; 36 Stat. 291; regulating actions for injuries or death of railroad employees gives concurrent jurisdiction to the courts of the States and of the United States and forbids the removal of cases arising under the act from state courts of competent jurisdiction to any court of the United States.   It is argued that a stay of proceedings in the State Court and an adjudication in the District Court would be a removal; which of course it would not be in a technical sense.   It is said with more force in *The El Mundo,* 294 Fed. 577, 579, that when § 33 was passed a seaman at his election already had his action with trial by jury, or a libel in the admiralty, but in either case subject to injunction and a concourse under Rev. Stats., § 4285, and that if the new section left the seaman's election liable to be defeated by the election of the owner to surrender his ship, it was empty words.   So the " election " to " maintain " an action at law given by § 33 is thought not reconcilable with the possibility that he should be called into admiralty against his will, and his action at law stopped.   *In re Charles Nelson Co.,* 294 Fed. 926, 929; (reversed however, October 27, 1924; 1 F. (2d) 774).

We are of opinion that these arguments cannot prevail. We shall not follow the discussions in the briefs as to the origin of the Admiralty rule, a question that cannot be answered with confidence from the historical material now at hand.   The English Courts interpreting, we presume, the scope of their own decisions, rather than passing upon historical fact, refer the Admiralty liens to the commercial convenience of security and repudiate the

reference of liability to the guilt of the ship. *The Tervaete*, [1922] P. 259, 270. In this Court the ship has been personified so far as to incur liability in cases where the owner could not be held. *The China*, 7 Wall. 53. See *The Malek Adhel*, 2 How. 210, 234; *Liverpool, Brazil & River Plate Steam Navigation Co. v. Brooklyn Eastern District Terminal*, 251 U. S. 48, 53. It is laid down in *The China* that "originally, the primary liability was upon the vessel, and that of the owner was not personal, but merely incidental to his ownership, from which he was discharged either by the loss of the vessel or by abandoning it to the creditors." If this be true it gives to our statute a distinguished family tree but hardly throws light upon the question now before the Court.

The short point is that the later act determines the extent of the seaman's substantive rights and the measure of damages, *Panama R. R. Co. v. Johnson*, 264 U. S. 375, 391; the earlier one, from what he shall collect those damages in certain exceptional cases, where those rights have been infringed. If there is no surrender of the ship, which we presume is made relatively rarely, the limited liability statutes play no part. Section 33 has no relation to means of collection but only to principles of liability and the ordinary course of trial. Naturally therefore the limited liability laws are not mentioned in the list of statutes repealed, in § 2; yet there can be no doubt that those laws would apply unless repealed. No sufficient reason is offered for the extraordinary preference over other claims that would be given to seamen were the decree of the District Court sustained. When a preference in respect of seamen's wages was intended it was expressed. Act of June 26, 1884, c. 121, § 18; 23 Stat. 57. On the other hand it has been laid down with reference to this same § 33 that an intention to depart from a policy deliberately settled in a general statute is not lightly to be assumed. *Panama R. R. Co. v. Johnson*,

264 U. S. 375, 384. See also *Butler* v. *Boston & Savannah S. S. Co.*, 130 U. S. 527. The Bankruptcy Act might provide a bar to recovery—homestead and other exemptions might make collection of a judgment impossible—yet we do not suppose that it would be argued that such laws were overridden by § 33. The wholesale adoption of the law for railroads above mentioned must be taken as an adoption of principles not as a basis for meticulous discovery of conflict with an established system in matters of detail. The choice of a jury trial is given when things take their ordinary course, not to break in upon the settled mode of adjustment when the ship is given up.

We answer these questions as they are asked and assume that the State Court had jurisdiction to try the case under the concluding words of the section: " Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located." For assuming that it had jurisdiction we have no doubt that the injunction may issue and that the statute regarding limitation of liability of ship owners has not been repealed so far as claims like the present are concerned. We answer

*Question (1): Yes.*
*Question (2): No.*