## THE CLARENCE P. HOWLAND.

(Circuit Court of Appeals, Second Circuit. February 4, 1925.)

No. 351.

Shipping ⬤⟳203, 209(1)—Jones Act held not to abrogate Limited Liability Act in case of injured seamen.

Jones Act (Merchant Marine Act [Comp. St. Ann. Supp. 1923, § 8146¼ et seq.]) authorizing action at law, with right to trial by jury, to be maintained for injury to seaman in the course of his employment or for his death therefrom, *held* not to abrogate Limited Liability Act in favor of seamen; so that, though there is but a single claim, and that for death of seaman, against the boat, the owner can have liability limited, and in the proceeding therefor have the action at law stayed.

Appeal from the District Court of the United States for the Southern District of New York.

Libel and petition of the Howland Towing & Transportation Company, Inc., for limitation of its liability as owner of the steam tug Clarence P. Howland, her engines, etc. From a decree dismissing the libel and petition, and vacating the order, at first granted, staying prosecution of an action at common law, petitioner appeals. Reversed.

Clarence S. Zipp, of New York City, for appellant.

Lester Hand Jayne, of New York City, for appellee.

Before ROGERS, MAYER and MANTON, Circuit Judges.

MANTON, Circuit Judge. Jose Balcarcel was employed as a fireman on the tug Clarence P. Howland, and on the 11th of August, 1922, lost his life when the tug collided with the ship Roanoke. His widow, as administratrix, seeks to recover damages for his death against the tug owner, and instituted a suit in the state Supreme Court. The Howland Company, owner of the tug, after serving its answer setting up a defense of limitation of liability, served a notice of trial in the state Supreme Court. It then filed a libel and petition for limitation of liability and obtained a stay of the action in the state court. Later an order was granted, dismissing the libel and petition and vacating the stay.

It is conceded by the appellee that the petitioner has a right to limit liability even since the enactment of the Jones Act (Merchant Marine Act [Comp. St. Ann. Supp. 1923, § 8146¼ et seq.]), but it is argued that there is but a single claim presented against the tug, and that for this reason the limitation statute is not applicable. We held in the matter of the Petition of Bouker Contracting Co., 296 F. 427 (decided December 17, 1923), that a libel and petition for limited liability could be sustained under admiralty rule 51, where there was but one claimant against a scow, and that of an administrator of a decedent, who, while en-

gaged in loading the scow, fell from the plank and was drowned. There we pointed out that the Limited Liability Act was passed for the encouragement of shipbuilding and the employment of ships in commerce, by providing that the owners of ships should not be liable beyond their interest in the ship and freight for the acts of the master or crew done without privy or knowledge. See, also, Butler v. B. & S. S. S. Co., 130 U. S. 527, 9 S. Ct. 612, 32 L. Ed. 1017; La Bourgogne, 210 U. S. 95, 28 S. Ct. 664, 52 L. Ed. 973. In the case of Panama Railroad Co. v. Johnson, 264 U. S. 375, 44 S. Ct. 391, 68 L. Ed. 748 (decided April 7, 1924, by the Supreme Court), referring to the Jones Act, that court said:

"The statute is concerned with the relative rights and obligations of seamen and their employers arising out of personal injuries sustained by the former in the course of their employment. Without question this is a matter which falls within the recognized sphere of the maritime law, and in respect of which the maritime rules have differed materially from those of the common law applicable to injuries sustained by employees in nonmaritime service. * * *

"The course of legislation, as exemplified in section 9 of the Judiciary Act of 1789, sections 563 (par. 8) and 711 (par. 3) of the Revised Statutes, and sections 24 (par. 3) and 256 (par. 3) of the Judicial Code [Comp. St. §§ 991(3), 1233], always has been to recognize the admiralty jurisdiction as open to the adjudication of all maritime cases as a matter of course, and to permit a resort to common-law remedies through appropriate proceedings in personam as a matter of admissible grace. It therefore is reasonable to believe that, had Congress intended by this statute to withdraw rights of action founded on the new rules from the admiralty jurisdiction and to make them cognizable only on the common-law side of the courts, it would have expressed that intention in terms befitting such a pronounced departure—that is to say, in terms unmistakably manifesting a purpose to make the resort to common-law remedies compulsory, and not merely permissible. But this was not done. On the contrary, the terms of the statute in this regard are not imperative but permissive. It says 'may maintain' an action at law 'with the right of trial by jury,' the import of which is that the injured seaman is permitted, but not required, to proceed on the common law side of the court with a trial by jury as an incident."

The application of the Limited Liability Act is not confined to cases involving claims of seamen. It applies to cases involving claims of passengers (Butler v. B. & S. S. S. Co., supra); of owners of another ship sunk in collision (Norwich & N. Y. Transp. Co. v. Wright, 13 Wall. 104, 20 L. Ed. 585); of shippers (Providence & N. Y. S. S. Co. v. Hill Mfg. Co., 109 U. S. 578, 3 S. Ct. 379, 617, 27 L. Ed. 1038), and salvage complainants (The San Pedro, 223 U. S. 365, 32 S. Ct. 275, 56 L. Ed. 473, Ann. Cas. 1913D, 1221); of stevedores (The Harry Hudson Smith, 142 F. 724, 74 C. C. A. 56); of the government of the United States (United States v. Hamburg, etc., 212 F. 40). It extends to liability for every kind of loss, damage and injury. Butler v. B. & S. S. S. Co., supra. Passengers and other classes, as above referred to, had a right to a jury trial and full indemnity. But that right was held subordinate to a shipowner's right to limit his liability. The rights accorded a seaman under the Jones Act have been referred to in Panama R. R. Co. v. Johnson, supra. The seaman has a general right to a jury trial by his own selection, and that right is subject only to a shipowner's right to limit his liability. The Limited Liability Act and the Jones Act are repugnant to each other, in the sense that rights exercised under the latter will, under certain special circumstances, be curtailed by the provisions of the Limited Liability Act. But thus some rights, when exercised by a general group to which the seamen have now been joined, have for upwards of 73 years suffered the curtailment with express sanction of the courts. Congress, when it passed the Jones Act and included seamen within the general group, possessed of the right to jury trial and full indemnity, must be deemed to have recognized the curtailment or limitation to which that right had for so many years been subjected. Congress having failed to insert words of preference indicative of a desire to favor seamen over other humans of the group subject to the liability, we must conclude that it intended no interference or abrogation of that statutory limitation.

We withheld filing this opinion until the Supreme Court had passed upon the questions which we certified in the Matter of the East River Towing Company which, we considered, would authoritatively settle the questions of law here presented. That court, on December 8, 1924, answering the questions there certified, held that an injunction may issue, and that the statute regarding limitation of liability of shipowners has not

been repealed, so far as claims like the one at bar are concerned.

The court below should have sustained the libel and petition, and granted the stay.[1]

PER CURIAM. Decree reversed on the decision of the Supreme Court in the Matter of the Petition of East River Towing Co., Inc., 266 U. S. 355, 45 S. Ct. 114, 69 L. Ed. 324, for limitation of liability as owner of the steam tug Edward, her engines, etc., decided December 8, 1924.

[1] Judge Mayer concurred in this opinion, but resigned before it was handed down.