## EL MUNDO.

## APPEAL OF SOUTHERN PAC. CO.

(Circuit Court of Appeals, Second Circuit. June 1, 1925.)

No. 315.

Shipping ⬡⟹209(1)—Action at law for injury to or death of seaman enjoinable in limitation of liability proceeding.

Action at law under Merchant Marine Act 1920, § 33 (Comp. St. Ann. Supp. 1923, § 8337a), amending Act March 4, 1915, § 20, for injury to or death of seaman, occurring in course of his employment, is subject to the statute regarding limitation of liability of shipowners, and can be enjoined in limitation of liability proceedings as provided in admiralty rule 51.

Appeal from the District Court of the United States for the Southern District of New York.

Petition of the Southern Pacific Company for limitation of its liability as owner of the steamship El Mundo. From an order vacating stays of common-law actions (294 F. 577), petitioner appeals. Reversed, and vacated orders reinstated.

Burlingham, Veeder, Masten & Fearey, of New York City (Chauncey I. Clark, of New York City, of counsel), for appellant.

F. Dudley Kohler, of New York City, for appellee.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

ROGERS, Circuit Judge. It appears that on November 10, 1924, the steamship El Mundo was moored at a pier in the city of New York and that pipe fitters were at work in various parts of the vessel. On that day, at about 2:50 p. m., an explosion occurred in the starboard fuel oil tank, which was followed by a second explosion in the forward port tank. Immediately thereafter the steamship burst into flames. Fire boats and tugs towed her out into the stream and she was beached on Ellis Island flats. As a re-

sult of the disaster various libels were filed against the vessel for salvage services.

Thereupon the Southern Pacific Company, as owner of the El Mundo, filed its petition, in which, after reciting the libels which had been filed, and its belief that other claims would be presented for salvage services and for the loss of life and personal injuries of divers persons by reasons of the explosions and fire, it claimed exemption from liability for the losses and damages occasioned or incurred by the explosions and fire, and for the claims made or that might thereafter be made therefor. The petitioner claimed the benefit of the limitation of liability provided in the acts of Congress, being Rev. St. §§ 4283, 4284, 4285, 4286 (Comp. St. §§ 8021–8024), and the various statutes supplementary thereto and amendatory thereof. The prayer of the petitioner asked that its liability, if any existed, be limited to the amount of the petitioner's interest in the steamship and her pending freight immediately after the disaster. It also asked that an injunction issue restraining the prosecution of any suit, action, or legal proceeding, except in the present proceeding, in respect of any claim or claims arising out of the disaster.

In its petition the value of the steamship immediately after the explosions and fire was alleged as not exceeding $590,000. This was stated to be the entire value of the petitioner's interest in the vessel, it being averred that no freight was pending. Subsequently an ad interim stipulation for value in the sum of $590,000, with interest from November 10, 1920, was approved by the District Court and filed on October 22, 1921. Two days later an order was entered in the District Court, appointing a commissioner to receive proof of claims, directing a monition to issue, and enjoining suits.

On June 29, 1921, actions at law were commenced in the District Court by the administrators of two of the workmen who were on the vessel, and who lost their lives as a result thereof, and on October 1, 1922, claims were filed, in the limitation proceedings, on behalf of both decedents. On January 30, 1923, counsel for the administrators served a notice of a motion to vacate the restraining orders, whereby actions at common law by the administrators were stayed. On March 6, 1923, the court vacated all stays restraining the prosecution of suits against the Southern Pacific Company, the petitioner appellant. The decision turned on the meaning of section 33 of the Jones Act,

(Comp. St. Ann. Supp. 1923, § 8337a) which reads as follows:

"Sec. 33. That section 20 of such Act of March 4, 1915, be, and is, amended to read as follows:

" 'Sec. 20. That any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law; with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; and in case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable. Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located.' "

The District Judge filed an opinion in which he stated that section 33, above cited, in giving to a seaman a right of action at law, must have intended to make the resulting judgment conclusive. "The right of action with a jury trial," he said, "means that the action must proceed to judgment and be conclusive for all purposes. This can only be in case the owner must make such defenses as he has in the action itself." He concluded his opinion by saying:

"In conclusion, by way of caution, I do not mean to imply that the amendment in fact leaves any right of limitation to the owner at all. In view of this privilege on our statute book, and of the favor accorded to shipowners, it may well be that they may still limit such recoveries. Of that I have nothing to say because it is not up here. Assuming that the right still exists, there is no reason to suppose that the owner's remedies were not meant to be curtailed, and every reason to suppose that they were. As I have said, no difficulties of procedure arise, unless there are several claims and a res to be distributed. In that case those difficulties inhere in the situation under any theory, save that of a concourse established in limine, and that, as I view it, the amendment in any event forbids."

He thereupon, on March 19, 1923, entered an order vacating and setting aside the injunction orders, in so far as they related to the prosecution of the actions at common law by the administrators of the deceased seamen. From that order vacating the stays of the common-law actions the matter was brought to this court by appeal. And while the appeal has been pending in this court the Supreme Court has handed down its decision in In re East River Towing Co., Inc., 266 U. S. 355, 45 S. Ct. 114, 69 L. Ed. 324. The decision in that case is decisive of this. In the East River Towing Company Case this court had certified to the Supreme Court the following questions:

"(1) If an action at law be brought such as is described in Merchant Marine Act 1920, § 33, can the prosecution thereof be enjoined by the injunction provided for in admiralty rule 51?

"(2) Has Merchant Marine Act 1920, § 33, impliedly repealed the statute regarding limitation of liability of shipowners so far as claims or suits based on personal injuries to or death of seamen are concerned?"

The court answered the first question "Yes" and the second one "No." Rule 51 in admiralty, above referred to, states how and in what cases limitation of liability is to be claimed. And it concludes by saying that "the said court shall also, on the application of the said owner or owners, make an order to restrain the further prosecution of all and any suit or suits against said owner or owners in respect to any such claim or claims."

Whatever doubt may have existed as to the law it is now settled by the decision in the In re East River Towing Co. Case that actions brought at law to recover for the personal injury or death of seamen, occurring in the course of their employment, are subject to the statute regarding the limitation of liability on the part of shipowners, and such an action can be enjoined as provided in admiralty rule 51.

The order entered in the District Court on March 19, 1923, vacating and setting aside the orders of October 22, 1921, and that of December 8, 1921, is therefore vacated and set aside, and the order entered on October 22, 1921, and that of December 8, 1921, in so far as either was vacated by the order of March 19, 1923, is hereby reinstated in full force and effect.