SALVATORE TUCCILLO, RESPONDENT, v. JOHN T. CLARK & SON, INCORPORATED, A CORPORATION, APPELLANT.

Argued May 26, 1927—Decided October 17, 1927.

For the appellant, *Collins & Corbin, Edward A. Markley* and *Charles W. Broadhurst.*

For the respondent, *Kent & Kent.*

The opinion of the court was delivered by

KATZENBACH, J. The defendant below (hereinafter called the defendant) appeals from a judgment of the Supreme Court entered after a trial held at the Hudson Circuit. The defendant is a corporation engaged in the business of stevedoring. At the time of the happening of the accident out of which the present action arose the defendant was engaged in loading a steamship moored to a wharf at Hoboken located on the Hudson river. A lighter was made fast to the outer side of the steamer. Boxes of apples were being taken from the lighter, hoisted to the steamer's deck, and lowered into the hold of the steamer by a boom operated by a steam winch. The boom was held into place by guy ropes which were made taut and the slack taken up through pulleys attached to the end of the guy ropes near the deck. During the progress of the work a guy rope broke. The plaintiff, an employe of the defendant, came on deck to see what the trouble was. He found that an attempt was being made to splice the ends of the rope. He suggested that a steel chain be used. This was procured. The plaintiff was in the act of fastening it when the foreman complained of the delay and directed that the chain be attached in a single strand instead of being doubled, as the plaintiff was in the act of doing. The plaintiff had walked away and was about to proceed down the ship when the boom was put in use. The chain snapped. The plaintiff was struck in the stomach by the chain or some part of the apparatus and injured.

To recover damages for his injury he instituted the present action in the Supreme Court recovering a judgment as has been stated. A rule to show cause reserving to the defendant the exceptions taken at the trial was applied for and allowed. The Supreme Court discharged the rule. 5 *N. J. Mis. R.* 142. The defendant then took this appeal upon the exceptions reserved and now urges trial errors to reverse the judgment obtained against it.

The principal ground of reversal relied upon by the defendant is that the Supreme Court was without jurisdiction to entertain the case. The insistence of the defendant is that since the passage of the Workmen's Compensation act all

actions for injuries sustained by an employe received in the course of employment as against the employer come within that act, unless the employe is engaged in work of a maritime nature, in which event he is relegated to the admirality courts. In support of this contention the defendant relies upon three cases decided in this state, namely, *O'Brien* v. *Scandinavian-American Line*, 94 *N. J. L.* 244; *Bockhop* v. *Phœnix Transit Company*, 97 *Id.* 514, and *March* v. *Vulcan Iron Works*, 102 *Id.* 337.

A reference to these cases will show that in no one of them is the question raised in the present case presented—that is, whether our state courts must surrender their jurisdiction of actions *in personam* to the federal courts. The case of *March* v. *Vulcan Iron Works, supra,* may appear to give some color to the defendants contention. The March case decided that the Workmen's Compensation act did not embrace an employment which came within the admirality jurisdiction of the federal courts. This case is distinguished from the instant case by the status of the plaintiff. In the March case the plaintiff was a mechanic. In the case under review the plaintiff is a stevedore. In the case of *International Stevedoring Co.* v. *Haverty*, 47 *Sup. Ct. Rep.* 19 (decided October 18th, 1926), it was held that a stevedore is a seaman and comes within the purview of the Seaman's act. This action was brought in a state court of the State of Washington, and sought a common law remedy for personal injuries sustained by the plaintiff while engaged in stowing freight in the hold of a vessel docked in the harbor of Seattle. A judgment recovered in the trial court was affirmed by the Supreme Court. 134 *Wash.* 235. We must accept the decisions of the Supreme Court of the United States on questions relating to acts of congress. This was well expressed by Chancellor Zabriskie in the case of *Stockton* v. *Dundee Manufacturing Co.*, 22 *N. J. Eq.* 57, in these words:

"The law as to the effect and constitutionality of acts of congress must be received by the state courts, as it may be from time to time determined and declared by that court [United States Supreme Court], and, although the judges, or the opinions of the judges, of the state courts may not

have changed, yet they are bound to give effect to that law as last declared by the Supreme Court of the United States however changed by the change of the judges of that court, or the changes in their opinions."

It having therefore been held by the United States Supreme Court that a stevedore is a seaman, we must refer to the United States statute for the determination of the subject under discussion. Section twenty (20) of the Merchant Marine act of March 4th, 1915, as amended by section thirty-three (33) of the act of 1920, provides as follows:

"That any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employes shall apply; and in case of the death of any seaman as a result of such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employes shall be applicable. Jurisdiction in such action shall be under the court of the district in which the defendant employer resides or in which his principal office is located."

In the case of *Engel* v. *Davenport*, 271 *U. S.* 33, the Supreme Court of the United States said, in a case instituted in a state court of California to recover damages for personal injuries sustained while engaged in work as a stevedore:

"It is settled by the decision in *Panama Railroad Co.* v. *Johnson*, 264 *U. S.* 375; 68 *L. Ed.* 748; 44 *Sup. Ct. Rep.* 391, that section 33 of the Merchant Marine act is an exercise of the power of congress to alter or supplement the maritime law by changes that are country-wide and uniform in operation; that it brings into the maritime law new rules drawn from the Employers' Liability act and its amendments —adopted by generic reference to 'all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injuries to railway employes'—

and 'extends to injured seamen a right to invoke, at their election, either the relief accorded by the old rules, or that provided by the new rules'—that is, that it grants them, as an alternative, the common-law remedy of an action 'to recover compensatory damages under the new rules as distinguished from the allowances covered by the old rules,' which, as a modification of the maritime law, may be enforced through appropriate proceedings *in personam* on the common-law side of the courts  *  *  *.

"It is clear that the state courts have jurisdiction, concurrently with the federal courts, to enforce the right of action established by the Merchant Marine act as a part of the maritime law. This was assumed *In re East River Towing Co.,* 266 *U. S.* 355, 368; 69 *L. Ed.* 324; 45 *Sup. Ct. Rep.* 114; and expressly held in *Lynott* v. *Great Lakes Transit Corp., supra,* affirmed, without opinion, in 234 *N. Y.* 626; 138 *N. E. Rep.* 473. And it has been implied in various decisions in the District Courts, involving the question of the right to remove to a federal court a suit that had been commenced in a state court.

"By a provision of the Judiciary act of [September 24th] 1789 [1 *Stat. at L.* 73], now embodied in section 24, subdivision 3, and section 256, subdivision 3 of the Judicial Code, giving District Courts original jurisdiction of civil causes of admirality and maritime jurisdiction, there is saved to suitors in all cases the right of common-law remedy where the common law is competent to give it."

That suits for common law torts arising from the master's negligence in admirality cases were cognizable in state courts has been held for a long time past, as reference to the cases of *American S. B. Co.* v. *Chase,* 16 *Wall.* 522; 21 *L. Ed.* 369, and *In the Hamilton,* 207 *U. S.* 398; 52 *L. Ed.* 264, will show. An injured stevedore as an injured railroad employe engaged in interstate commerce may sue as at common law in a state court under the restrictions and limitations imposed by the statute relating to railway employes. As in the present case the Workmen's Compensation act did not apply, and the federal statute expressly conferred a right of action on the rules laid down in the Federal Employers' Lia-

bility act, and the United States Supreme Court has held that state courts have jurisdiction, it follows that the defendant's position that the Supreme Court of this state had no jurisdiction is untenable.

Since the argument of the present case the Supreme Court of the United States has handed down a decision in the case of Messel v. Foundation Co. (advance opinions June 15th, 1927, page 826), in which it was held (1) that "a Workmen's Compensation act providing compensation for injuries received in the operation, construction, repair, removal, maintenance and demolition of vessels, boats and other water craft, does not include a maritime injury or tort under the federal law," and (2) that "the federal law does not prevent a state from giving an employe a remedy for injuries received during employment in repairing a vessel on the navigable waters of the United States, in view of the provision of section 256 of the Judicial Code, giving exclusive jurisdiction to the courts of the United States of all civil causes of admirality and maritime jurisdiction, saving to suitors in all cases the right of a common-law remedy where the common law is competent to give it." This recent decision, with those previously referred to, is dispositive of the jurisdictional question presented on this appeal. The Supreme Court of this state had jurisdiction to entertain this case.

This brings us to the consideration of the other grounds of appeal advanced by the defendant for the reversal of the judgment. These constitute what may be termed trial errors. The first of these deals, with an exception taken by the defendant to the charging of the plaintiff's fourth request, which reads as follows:

"It was the duty of the defendant to use reasonable care to provide a safe place to work, and also to supply safe machinery and appliances, and the defendant, John T. Clark & Son, cannot escape liability by intrusting the performance of such duties to others, be they managers, agents or fellow-servants."

It is contended that the trial judge by the charging of this request made the defendant an insurer of the condition of its machinery and appliances. This argument is based

upon the theory that the words "it was the duty of the defendant to use reasonable care" only apply to the place to work and not to the machinery and appliances. We think this contention without merit, as the clause "use reasonable care" extends to all that follows in the same sentence.

The defendant next insists that the trial judge erred in submitting to the jury six distinct acts of negligence on the part of the defendant when there was no evidence to support one or more of them. The record shows that the trial judge did not submit six distinct theories of negligence to the jury. He merely stated to the jury that the plaintiff set out in his complaint six grounds of negligence and then said that the plaintiff must establish at least one of his claims. On two of the claims the defendant concedes that there was evidence. We, therefore, conclude that in this portion of his charge the trial judge committed no error.

The defendant's next insistence is that the trial judge improperly refused to charge the defendant's requests to charge numbered 13, 14, 16, 17 and 18. These requests are as follows:

"13. There is no evidence in this case that the defendant negligently failed to provide sufficient and proper equipment and machinery.

"14. There is no evidence in this case that the machinery and equipment were defective, out of repair, inadequate, insufficient or unsuited for the purpose of handling the cargo.

"16. There is no evidence in this case that the defendant failed and neglected to inform or notify the plaintiff of the hazardous and dangerous condition of the equipment.

"17. There is no evidence in this case that the defendant failed and neglected to inform the plaintiff of the hazardous and dangerous condition of the employment which he was following on the steamship at the time of the accident.

"18. There is no evidence in this case that the defendant allowed and permitted incompetent help and superintendents to operate and direct the boom and equipment."

There was introduced evidence of the use of a worn and frayed guy rope and of the failure to warn the plaintiff of the movement of the boom. These facts justified the refusal .

to charge requests numbers 13, 14, 16 and 17. No. 18 appears to us too broad, as there was evidence from which it could be inferred that the defendants' foreman was incompetent to direct the repair of the boom which was under his supervision.

The defendants fourth point as set forth in the brief is that the trial judge erred when he instructed the jury that they could allow the plaintiff for the amount expended by him for his physician's bill, when there was no evidence justifying such an allowance. On this subject the trial judge said:

"If he had an attending physician, if there is any evidence as to what amount was laid out or expended by him for the physician, or for medicines, he is entitled to be compensated for that; but as I recall—you being the sole judges of what the evidence has been—the only evidence on that was the price he paid for an abdominal belt, and, of course, if that belt was required as the result of this accident, he is entitled to be compensated for that."

We are of the opinion that this portion of the charge does not justify the criticism leveled at it. All that it appears to have done was to limit the recovery in this regard to the cost of an abdominal belt. This was not error, as there was testimony regarding the need and cost of an abdominal belt.

The last point argued is that the trial judge erred in submitting to the jury the question as to whether or not the plaintiff had suffered a permanent injury and hernia when there was no evidence to support such findings. Our reading of the testimony has led us to the opinion that there was evidence offered which warranted the submission of these questions to the jury for determination.

The judgment of the Supreme Court is affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, KALISH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 14.

*For reversal*—None.