Petition of **KAHULUI RAILROAD COMPANY, a corporation, for exoneration from or limitation of liability as owner of the AMERICAN TUG WILLIAM WALSH.**

**No. 495.**

United States District Court
D. Hawaii.
Feb. 15, 1963.

790

. Quinn & Moore, Honolulu, Hawaii, of
counsel, by V. Thomas Rice, Honolulu,
Hawaii, for Matson Navigation Company.

Pratt, Moore, Bortz & Vitousek, by
Roy A. Vitousek, Jr., Honolulu, Hawaii,
for Kahului Railroad.

Crockett & Langa, by Wm. F. Crockett,
Wailuku, Hawaii, for Soule.

Bouslog & Symonds, Honolulu, Hawaii,
for Toyofuku.

TAVARES, District Judge.

Kahului Railroad Company, a corporation, has filed a petition under the Limitation of Liability Act[1] for exoneration from, or limitation of, liability, alleging that, on May 11, 1962, it was the owner, and it apparently was the operator, of the tug, William Walsh, which was assisting in undocking the S. S. Hawaiian Educator, a freighter owned and operated by Matson Navigation Company, at Kahului, Hawaii, and that the freighter swamped the tug and it sank, killing Walter N. Soule and Nobuyoshi Toyofuku and injuring Tatsuo Ono, who apparently were members of the tug's crew.

Petitioner further alleges that the tug was seaworthy; that the accident was in no wise caused by any fault on the part of the tug, her master, officers or crew; that it happened without fault of petitioner and without the privity or knowledge of petitioner, that the tug, together with her equipment, fuel on board, and stores on board, became a total loss; and that towage in the sum of $318.00 was earned on said voyage. Petitioner has deposited said sum with the court.

The court has enjoined the filing or prosecution of any actions, except in this proceeding, against petitioner or the tug arising out of said accident until the determination of this proceeding or further order of the court.

Two actions arising out of said accident are pending against petitioner on the civil side of this court which, of course, is a different court from the court of admiralty: (1) an action brought by Florence Toyofuku, Administratrix of the Estate of Nobuyoshi Toyofuku, deceased, Florence Toyofuku, his widow, and Ralph Toyofuku and Majel Toyofuku, his minor children, by Florence Toyofuku, their next friend, one count being under the Jones Act[2] and one count alleging a breach of warranty of seaworthiness as to Nobuyoshi Toyofuku on the part of petitioner, seeking damages in the sum of $350,000.00; and (2) an action brought by Cecilia E. Soule, Executrix of the Estate of Walter N. Soule, deceased, under the Jones Act, seeking damages in the sum of $300,000.00.

These plaintiffs have filed claims herein against petitioner for the respective sums sought in said actions. Matson

1. 46 U.S.C. § 181 et seq.

2. 46 U.S.C. § 688.

Navigation Company has filed a claim herein against petitioner for indemnity or contribution for any amounts which might be allowed or adjudged against it as a result of said accident.

The Toyofukus have filed exceptions to the jurisdiction of this court, contending that, because this court, as a court of admiralty, cannot provide them with,[3] or deprive them of, a jury trial upon their claims against petitioner, it has no jurisdiction of their persons or of the subject-matter and they pray that the petition be dismissed as to them and that they be permitted to prosecute their action on the civil side of this court, obviously in order that they may have a trial by jury.

Cecilia E. Soule, Executrix of the Estate of Walter N. Soule, deceased, has moved this court to vacate its order enjoining the prosecution of actions to the extent of permitting her to proceed with her action pending on the law side of this court, also obviously in order that she may have a trial by jury.

 It is not, and cannot successfully be, contended that the Limitation of Liability Act does not cover actions under the Jones Act.[4] Nor is an action on a breach of warranty of seaworthiness exempt from the Limitation of Liability Act.[5]

██ In this case there are several claims and their total amount greatly exceeds the fund. This is known as a multiple-claims-inadequate-fund case and is called the "standard limitation situation" by Gilmore and Black.[6]

In the standard limitation situation, "the admiralty court, on the filing of the petition and compliance with the provisions for a limitation fund, will enjoin the continuance of any pending actions against the owner as well as the institution of any new actions. Claimants are required to make proof of claim in the limitation proceeding and to litigate their rights in that proceeding." [7]

When, as is said by Gilmore and Black,[8] either of the components in the standard limitation situation is lacking, the court in which the limitation proceeding is pending will not enjoin actions in other courts. In Langnes v. Green (1931), 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520, there was a single claim and the amount of the claim exceeded the fund. In Lake Tankers Corp. v. Henn (1957), 354 U.S. 147, 77 S.Ct. 1269, 1 L.Ed.2d 1246, there were multiple claims and the fund exceeded the total of the claims. In those cases the claimants were permitted to prosecute their actions for damages in the State courts.

It is argued that the "saving to suitors" clause in 28 U.S.C. § 1333 [9] requires that the court permit the claimants to prosecute their pending actions on the civil side of this court. Gilmore and Black say that

"The last sentence of Section 185 provides that on compliance with its requirements (i. e. filing a petition within the six months period together with paying into court or posting a bond for the value of the ship or transferring the ship to a trustee) 'all claims and proceedings against the owner with respect to the matter in question shall cease.' Section 1333 of the Judicial Code confers upon the District Courts exclusive original jurisdiction of any civil case of admiralty or maritime

---

3. This is correct.

4. In the Matter of Petition of East River Towing Co., Inc. (1924), 266 U.S. 355, 45 S.Ct. 114, 69 L.Ed. 324.

5. Petition of Paul F. Wood (1956), 2 Cir., 230 F.2d 197.

6. The Law of Admiralty, Section 10–17.

7. Gilmore and Black, The Law of Admiralty, Section 10–17.

8. Id., Section 10–18.

9. 28 U.S.C. § 1333 provides:
 "The district courts shall have original jurisdiction, exclusive of the courts of the States, of:
 (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled. * * *"

jurisdiction 'saving to suitors in all cases all other remedies to which they are otherwise entitled.' The two provisions are in obvious conflict. On the whole the policy of the Limitation Act has prevailed, so that in most limitation situations the 'suitors' are in fact deprived of their choice of forum." [10]

On this subject, they say further:

"When either of the components in the standard situation is lacking—that is, when there is only one claim *or* when the aggregate of all claims will not exhaust the available limitation fund—the district court with which a petition for limitation of liability is filed will not enjoin the prosecution of claims in other courts, although in most situations it will retain jurisdiction of the case for the purpose of deciding the limitation issue, if, as and when such a decision becomes necessary. In this way the courts have sought, within the framework of the Limitation Act, to give effect to the policy of the saving to suitors clause. The working out of the theory has not been at all points entirely logical, but logic should not be required of courts which are obliged to implement, at one and the same time, two inconsistent and contradictory policies." [11]

This court is not inclined to depart from the present rule appertaining to enjoining actions in multiple-claims-in-adequate-fund cases. As was said in Pershing Auto Rentals, Inc. v. Gaffney (1960), 5 Cir., 279 F.2d 546, at pages 549 and 550:

"If an admiralty court in a multiple-claims-inadequate-fund case may permit the claimants first to try the issue of liability vel non and damages in every claim in court actions outside of the limitation proceeding during which time the limitation case will be in a suspensive state of limbo, there will be little, if anything, left of the statutory scheme created by Congress and implemented by Admiralty Rule contemplated in the statute."

The Toyofukus in their exceptions pray that the petition herein be dismissed as to them. The court understands these exceptions to be the equivalent of a motion to permit them to prosecute their action pending on the civil side of this court and not to be an attack on the limitation proceeding itself.

The exceptions and motion are denied.

10. The Law of Admiralty, Section 10–16.

