## THE SOERSTAD.

(District Court, S. D. New York. March 28, 1919.)

SHIPPING ⬡⟰208—SINKING TOW—LIMITING TUG OWNER'S LIABILITY.

A tug owner, who has agreed to tow a vessel, may under Act June 26, 1884, § 18 (Comp. St. § 8028), limit his liability to the tug's value, when, in performance of that contract, the tug through her master's negligence collides with and sinks the tow; the breach being without the owner's knowledge or privity.

In Admiralty. Libel of the Skibsakties Soerstad, owner of the bark Soerstad, against the Moran Towing & Transportation Company. Decree for libelant, with right of limitation of liability.

Charles S. Haight, of New York City, for libelant.

Samuel Park, of New York City, for respondent.

LEARNED HAND, District Judge. The bald question raised by this case is whether a tug owner, who has agreed to tow a vessel, may limit his responsibility under section 18 of the Act of June 26, 1884, c. 121 (Comp. St. § 8028), when in performance of that contract the tug negligently collides with and sinks the tow. The libelant's position depends upon what it supposes to be the effect of Pendleton v. Benner Line, 246 U. S. 353, 38 Sup. Ct. 330, 62 L. Ed. 770, and Luckenbach v. McCahan Sugar Co., 248 U. S. 139, 39 Sup. Ct. 53, 63 L. Ed. ——. In each of these cases the owner was held liable without limitation for breach of a covenant of seaworthiness in a charter which he personally signed. Hence it is reasoned the breach of any stipulation in a contract made by the owner personally must result in unlimited liability, whether or not the act which causes the damage be done with the privity of the owner.

A warranty is a promise that a proposition of fact is true. Theoretically it is extremely difficult to interpret it otherwise than as a promise to make whole the warrantee, if the warranty turns out to be false, since a promise is normally a stipulation for some future conduct by the promisor. If it is so regarded, then clearly the breach of warranty is with the warrantor's privity, for by hypothesis he has deliberately refused to make whole the warrantee. However, it must be conceded that the law regards the breach as arising at once if the warranty be false, and the warrantee's loss as damages, not as a condition for the warrantor's performance. So viewed, the warrantor has misled the warrantee by falsely assuring him of the truth through the warranty, and the wrong consists of the assurance, the warrantee's reliance upon it, and his loss; just as in cases of deceit, except that no scienter is necessary. And so the action on warranty was originally "a pure action of tort" (Ames, History of Assumpsit, 2 Harv. L. R. 1, 8), and arose a century before action on the case for assumpsit. The action sounded indeed in deceit (Y. B. 11 Ed. IV, 6, plac. 11), and it was not till 1778, in Stuart v. Wilkins, 3 Doug. 118, that assumpsit appears to have been used on a seller's warranty.

⬡⟰For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Regarded in this way, which is probably the correct way historically, it follows inevitably that a breach of warranty should be held to be with the warrantor's privity, because all the elements of the cause of action are "done, occasioned, or incurred" by him personally; that is to say, he personally gives the false assurance, he intends the warrantee to rely upon it, and the loss arises from the mistaken reliance, as he knows it will. Thus he personally occasions the loss. It is impossible to see how the Supreme Court could have held that knowledge of the falsity of the warranty was an element in the cause of action to which the warrantor must be privy. To have done so would have been in effect to treat the action as limited to one in fraud, not an action in warranty at all. The decisions, therefore, give no color to the libelant's position.

Where, however, the promise, as a promise to tow a boat, involves the future conduct of the promisor, the loss is "done, occasioned, or incurred," not by the promise and the promisee's reliance upon it, but by the failure to perform the act stipulated; and if that failure results without the knowledge or privity of the promisor, he is entitled to the immunity of the statute. It will so result when he delegates that performance, provided he selects such delegates as the contract permits, and the miscarriage results from their failure. Now the contract here obviously permitted the respondent to select for the towage any master whom he had good reason to suppose capable, and the breach occurred because that master did not do what the respondent promised to do. This breach was not "done, occasioned, or incurred" with the respondent's privity, and its liability is limited.

Perhaps all this analysis is unnecessary, for the opinion in Richardson v. Harmon, 222 U. S. 96, 32 Sup. Ct. 27, 56 L. Ed. 110, presupposes throughout that the act of 1884 includes contracts, and the logical consequence of the libelant's position is that no promisor can limit his liability. I have thought it, nevertheless, better to show just where the distinction lay, for the Supreme Court in Pendleton v. Benner Line, supra, certainly had no such far-reaching purpose as the libelant supposes, and there is not the faintest reason in principle to confuse that case, which follows necessarily upon an analysis of warranty, with the case at bar, which does not.

Decree for libelant, with right of limitation allowed to respondent, the Moran Towing & Transportation Company, to the extent of respondent's interest in the tugboat Joseph H. Moran on January 12, 1918.