CULLEN FUEL CO., INC., *v.* W. E. HEDGER, INC.

No. 9. Argued October 11, 1933.—Decided November 6, 1933.

*Mr. Horace L. Cheyney* for petitioner.

Mr. Thomas H. Middleton, with whom Mr. Forrest E. Single was on the brief, for respondent.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

The petitioner owned a deck scow known as Cullen No. 32. The respondent wished to use her to lighter ore from ship-side in New York harbor to the plant of the Grasselli Chemical Co., the consignee of the ore. A charter for an indefinite term, at a fixed daily rate of hire, was orally arranged by telephone with the petitioner's marine superintendent. The day following the demise, while being loaded from the ship, the scow capsized, dumped her cargo, and damaged an adjacent wharf and vessel. Suits ensued, one of them by the respondent as bailee of the cargo, against the petitioner as owner of the scow. Limitation of liability was sought by the petitioner, but the district court refused a decree for limitation,[1] finding that the scow was unseaworthy at the time of the demise.

The circuit court of appeals concurred in this finding and based its affirmance [2] of the trial court's decision upon the ground that as the charter was the personal contract of the owner and included an implied warranty of seaworthiness the petitioner was precluded from the benefit of the limitation statutes.[3]

The petitioner, conceding that where the owner personally expressly warrants seaworthiness he is not entitled to the benefit of the limited liability statutes, (*Pendleton* v. *Benner Line*, 246 U.S. 353; *Luckenbach* v. *McCahan Sugar Refining Co.*, 248 U.S. 139), correctly states that despite the decision of this court in *Capitol Transportation Co.* v. *Cambria Steel Co.*, 249 U.S. 334, the contrariety of opinion which existed in the various circuits prior to

---

[1] 45 F. (2d) 859.

[2] 62 F. (2d) 68.

[3] R.S. 4283, 4289; Act of June 26, 1884, c. 121, § 18, 23 Stat. 57; U.S. Code, Tit. 46, §§ 183, 188, 189.

that case, as to the effect of the implied warranty of the owner,[4] still persists.[5] We therefore granted certiorari.[6]

We pass, without discussion, the contentions that the court below erred in its rulings that the owner's contract was personal and that the respondent as bailee of the cargo was entitled to recover from the charterer, as we are of opinion that both points were correctly decided (*The Benjamin Noble*, 232 Fed. 382; 244 Fed. 95; *Capitol Transportation Co. v. Cambria Steel Co., supra; Pendleton v. Benner Line, supra*, 355–356), and come to the question of petitioner's right of limitation notwithstanding the implied warranty of seaworthiness. The *Capitol Transportation* case is an authority against the right. As appears by the opinion of the district court (232 Fed. 382) the contract of the owner in that case was oral and no express warranty was given.

We see no reason to restrict or modify the rule there announced. The warranty of seaworthiness is implied from the circumstances of the parties and the subject-matter of the contract and may be negatived only by express covenant.[7] It is as much a part of the contract as any express stipulation. *Hudson Canal Co. v. Penna. Coal Co.*, 8 Wall. 276, 288; *Grossman v. Schenker*, 206 N.Y. 466, 469; 100 N.E. 39; *United States v. Bentley & Sons Co.*, 293 Fed. 229.

The petitioner urges that the denial of limitation in cases like this will sweep away much of the protection

[4] *Quinlan v. Pew*, 56 Fed. 111; *The Republic*, 61 Fed. 109; *The Tommy*, 151 Fed. 570; *Great Lakes Towing Co. v. Mill Transp. Co.*, 155 Fed. 11; *The Loyal*, 204 Fed. 930.

[5] *The Ice King*, 261 Fed. 897; *Pocomoke Guano Co. v. Eastern Transp. Co.*, 285 Fed. 7; *The City of Camden*, 292 Fed. 93; *Tucker Stevedoring Co. v. Southwark Mfg. Co.*, 24 F. (2d) 410.

[6] 289 U.S. 717.

[7] *Lawrence v. Minturn*, 17 How. 100, 110; *Work v. Leathers*, 97 U.S. 379; *The Caledonia*, 157 U.S. 124, 130; *The Carib Prince*, 170 U.S. 655; *The Irrawaddy*, 171 U.S. 187, 190; *The Southwark*, 191 U.S. 1.

afforded to ship owners by the acts of Congress. But this view disregards the nature of the warranty. The fitness of the ship at the moment of breaking ground is the matter warranted, and not her suitability under conditions thereafter arising which are beyond the owner's control. Compare *Armour & Co.* v. *Fort Morgan S. S. Co.,* 270 U.S. 253; *The Ice King,* 261 Fed. 897; *The Soerstad,* 257 Fed. 130.

The judgment is

*Affirmed.*