## UNITED STATES GYPSUM CO. v. CONNERS MARINE CO., Inc.

### No. 279.

Circuit Court of Appeals, Second Circuit.

May 5, 1941.

Purdy & Lamb, of New York City (Edmund F. Lamb, of New York City, of counsel), for appellant.

Bigham, Englar, Jones & Houston, of New York City (F. Herbert Prem, of New York City, of counsel), for appellee.

Before SWAN, CHASE, and CLARK, Circuit Judges.

PER CURIAM.

The lighter "Irving" was chartered by the appellant to the libellant under the usual oral harbor contract which carries an implied warranty of seaworthiness. Cullen Fuel Co. v. Hedger, Inc., 290 U.S. 82, 54 S.Ct. 10, 78 L.Ed. 189 affirming The Cullen No. 32, 2 Cir., 62 F.2d 68, 70. Upon her delivery alongside the libellant's dock at Stapleton, Staten Island, a cargo of bags of plaster was laden upon her. Within two hours after loading was completed she sank at her berth in calm weather, with a total loss of cargo. After the lighter was raised the caulking of her seams was found to be in bad condition in numerous places. The district court made findings that the lighter was unseaworthy when delivered, was properly loaded and her sinking was caused solely by her unseaworthy condition. The appellant asks us to reverse these findings. It contends that the loading was improper, setting the boat down by the head, causing the port bow to ground as the tide fell and allowing water to come in through her forward starboard hatch. These same contentions were rejected by the trial judge as not in accord with more credible testimony. His findings must stand unless they are clearly against the preponderance of the evidence. McAllister Bros. v. Pennsylvania R. Co., 2 Cir., 118 F.2d 45; Johnson v. Andrus, 2 Cir., 119 F.2d 287, opinion handed down April 28, 1941. Without reciting the evidence it will suffice to say that we regard the findings as well supported by the record.

The appellant also urges that the district court erred in denying on the ground of laches its motion to amend its

answer before trial to plead as a defense the right to limit liability. The Irving, D. C., 33 F.Supp. 59. Whether the 1936 amendment to the statute, 46 U.S.C.A. § 185 deprives a shipowner of the right to raise by answer the defense of limitation of liability after the expiration of six months from receipt of notice of claim, we need not now decide. Cf. Carpenter v. Mary R. Mullins, Inc., D.C.Mass., 33 F. Supp. 10. Assuming that error was committed in refusing leave to amend the answer, it was harmless in view of the finding of breach of warranty of seaworthiness. Cullen Fuel Co. v. Hedger, Inc., 290 U.S. 82, 54 S.Ct. 10, 78 L.Ed. 189.

The decree is affirmed.