## W. E. HEDGER TRANSP. CORPORATION v. GALLOTTA et al.

### No. 121.

Circuit Court of Appeals, Second Circuit.

Oct. 30, 1944.

Before L. HAND, SWAN and CLARK, Circuit Judges.

Christopher E. Heckman and Foley & Martin, all of New York City, for Hedger Corp.

Albert P. Thill and John P. Smith, both of New York City, for Manhattan Co.

Samuel Spevack and Michael J. Esposito, both of Brooklyn, N.Y., for Gallotta.

L. HAND, Circuit Judge.

The appellant, Hedger Company, in a proceeding brought under the 51st Admiralty Rule, 28 U.S.C.A. following section

723, to limit its liability as a shipowner, appeals from an order denying a motion to reinstate a stay of an action for personal injuries, brought by the appellee, Gallotta, in the state court. The facts upon which the decision depended were as follows. The Hedger Company owned the barge, "M. A. Lenahan," which it chartered orally to the appellant, Manhattan Lighterage Company, and which that company subchartered to a company, called the Commodity Credit Company. Gallotta was a longshoreman; he worked on the barge while it was in the possession of the subcharterer, fell into the hold, and was injured. He sued the Hedger Company in the state court on the ground that the barge was defective, demanding $25,000. The Hedger Company filed a petition in the District Court to limit its liability to $7000, the alleged value of the barge; and in the proceeding Gallotta filed a consent to the limitation of liability, and agreed that the value of the barge should be fixed in the admiralty court. That court thereupon vacated a stay of Gallotta's action which the Hedger Company had procured when it filed its original petition. Shortly thereafter, Gallotta joined the Manhattan Company and the Commodity Credit Company as defendants in his action, charging them also with responsibility for the condition of the barge. The Commodity Credit Corporation moved to dismiss the action as against it, and succeeded; the Manhattan Company answered and filed a cross-claim against the Hedger Company, seeking to recover upon the breach of the Hedger Company's covenant of seaworthiness implied in the oral charter. The Hedger Company then moved in the limitation proceeding to vacate the order dissolving the stay of Gallotta's action, upon the ground that the cross-claim of the Manhattan Company constituted a second claim against it; thereby created the situation for which the limitation proceeding was intended; and thus made it necessary to bring the two claims into concourse, and to adjudicate them in the admiralty court. The judge denied this motion, but declared that the order should not be construed to permit the Manhattan Company to litigate its claim against the Hedger Company outside the limitation proceedings. The Hedger Company and the Manhattan Company then appealed.

■ The first question is whether an appeal lies from the order. We think that it does, because it falls within § 227 of Title 28 U.S.C.A. in that an injunction against Gallotta's prosecution of his action was refused to the Hedger Company, and an injunction, outstanding against the Manhattan Company's cross-claim, was not vacated. We should have no doubt that the case was controlled by Enelow v. New York Life Ins. Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440, were it not for Schoenamsgruber v. Hamburg-American Line, 294 U.S. 454, 457, 55 S.Ct. 475, 79 L.Ed. 989, which held in an admiralty suit upon a contract, that an order was not appealable which stayed the trial until after arbitration proceedings had been completed. It is true that the Fifth Circuit in Stark v. Texas Co., 88 F.2d 182, 183, construed this decision as denying the appealability of any order in a limitation proceeding which dissolved a stay of an action in the state court. They thought that § 227 of Title 28 U.S.C.A. applied "only to injunctions issued in equity proceedings," and had "no application to an interlocutory order issued in a suit in admiralty." The Supreme Court did indeed say, in Schoenamsgruber v. Hamburg-American Line, supra, at page 457 of 294 U.S., at page 477 of 55 S.Ct., 79 L.Ed. 989, that "save as therein otherwise specified, section 129 extends only to suits in equity," and that courts of admiralty "do not have general equitable jurisdiction"; but it added that, "except in limitation of liability proceedings, they do not issue injunctions." Even verbally, this language appears to us to assume that courts of admiralty do issue injunctions in limitation of liability proceedings; and the 51st Admiralty Rule itself concludes by providing that the court may "make an order to restrain the further prosecution of all and any suit or suits against said owner." While the Rule does not actually use the word "injunction"—which, we must concede, is the only word used in § 227 of Title 28—such orders are in every true sense "injunctions." But the vital point, as we view it, is that in Schoenamsgruber v. Hamburg-American Line, supra, the order appealed from had not stayed the prosecution of another action, but had merely postponed the trial of the suit in which it was made; had in fact been no more than an enforced continuance. The Ninth Circuit, in The Helen L., 109 F.2d 884, 886, took jurisdiction of an appeal from an order which dissolved such a stay, but on the ground that it determined "the rights and liabilities of the parties," within the meaning of the last sentence of § 227 of Title 28.

In the view we take it is not necessary to decide that point, for the result seems to us right on another ground: the order had finally disposed of the limitation proceedings, as the Ninth Circuit itself had held in Charles Nelson Co. v. Curtis, 1 F.2d 774, 780. For the foregoing reasons we think that we have jurisdiction of the appeal, and we proceed to the merits.

■ As soon as Gallotta filed his consent to the Hedger Company's right to limit, and also to the determination of the value of the barge in the limitation proceeding, he was free to prosecute his action to judgment in the state court. Since at that time there was but one claim, and the state court could not be called upon to pass upon any question of limitation, there remained no reason for determining the controversy in the admiralty court. Langnes v. Green, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520; Ex parte Green, 286 U.S. 437, 52 S.Ct. 602, 76 L.Ed 1212; The Quarrington Court, 2 Cir., 102 F.2d 916. Did Gallotta, by joining the Manhattan Company in his action—we may ignore the Commodity Credit Company —forfeit that privilege? His position is that the cross-claim of the Manhattan Company against the Hedger Company is the same as his claim against that company, and that therefore there was only one claim as before. As to that we cannot agree. It is true that if Gallotta recovered against both companies but collected from the Manhattan Company, any recovery by that company against the Hedger Company upon its cross-claim up to the value of the barge, might be regarded as a recovery by a subrogatee, substituted for the creditor. But, if Gallotta recovered from the Manhattan Company more than the value of the barge, the excess could obviously not be so regarded; nor could the Manhattan Company's recovery of the expenses involved in defending the action. We cannot therefore dispose of the case upon the assumption that only one claim is involved, and that the controversy in the state court can be resolved into no more than whether the Hedger Company or the Manhattan Company shall pay Gallotta the value of the barge. Notwithstanding this, we think that, though the Manhattan Company's claim is a second and independent one, and will, or may, require some added determination, it is not of a kind to be brought into a concourse with Gallotta's claim, and to be tried in the limitation proceeding.

The Manhattan Company's claim is, as we have said, upon a breach of a warranty of seaworthiness, and, since such a breach is of a personal undertaking of the shipowner, the liability cannot be limited. Pendleton v. Benner Line, 246 U.S. 353, 38 S.Ct. 330, 62 L.Ed. 770. This doctrine applies as well to the implied warranty of seaworthiness in an oral charter of a barge. Cullen Fuel Co. Inc. v. W. E. Hedger, Inc., 290 U.S. 82, 54 S.Ct. 10, 78 L.Ed. 189. The Hedger Company is therefore liable without limitation for the full amount of any loss which the Manhattan Company may suffer, if the barge was unseaworthy; it must pay whatever Gallotta recovers from the charterer, not only up to, but above, the value of the barge, as well as the expenses of defending the suit. When the Hedger Company personally assured the Manhattan Company that the barge was seaworthy, it agreed to make good all loss which the charterer might suffer in reliance upon that assurance; and the fact that the Hedger Company's liability to Gallotta, based upon its relation assumed towards him, was limited, had nothing to do with its liability on the warranty.

It is obvious from the foregoing that the Manhattan Company should be free to prosecute its cross-claim in the state action. If Gallotta had sued it alone and recovered, it could have sued the Hedger Company where it chose, and recovered the full amount of its loss. The justification for limitation proceedings is that there is a fund to be distributed among several claimants, or, if there be but one claimant, that he disputes the right to limit or the amount. The jurisdiction of the admiralty court to adjudicate the merits of the claims is derivative from, and ancillary to, these considerations; it does not extend to a claim which is not subject to limitation. Moreover, since the claim of the Manhattan Company is not subject to the jurisdiction of the admiralty court, Gallotta's claim is the only one that is so subject; and—once his consent was filed—it was subject only for the purpose of fixing the value of the barge. There can be no question as to all this in the case of a shipowner, who is solvent. Whether in case he is insolvent, a claimant who has an unlimited claim, may be brought into concourse with claimants whose claims are limited, and whether that will draw both kinds of claims into the limitation proceeding, we need not consider. Nobody has suggested that the Hedger Company was

unable to meet any claim which the Manhattan Company may have against it over and above the value of the barge.

Order affirmed, so far as it refused to reinstate the injunction against Gallotta.

Order reversed, so far as it declared that it should not be construed to allow the Manhattan Company to prosecute its cross-claim in the state action.