**Petition of Paul F. WOOD for Exoneration from or Limitation of Liability.**

**No. 209, Docket 23542.**

United States Court of Appeals
Second Circuit.

Submitted Dec. 22, 1955.

Decided Feb. 16, 1956.

**198**

George J. Engelman, New York City, for claimants, Tillie Johnson, Nils and Petra Diedericksen, Ole and Tora Pedersen, and Randi Josefsen.

Harry A. Gross, New York City, for claimants, Gunhild Tompsen, Frederick, Tellef and John Fredricksen.

George B. Warburton, New York City (Hill, Rivkins, Middleton, Louis & Warburton, New York City, for petitioner-appellee.

Before FRANK, HINCKS and LUMBARD, Circuit Judges.

HINCKS, Circuit Judge.

This is an appeal from an order of the United States District Court for the Southern District of New York denying appellants' motions to dismiss a petition for limitation of liability under 46 U.S.C.A. § 184 and to permit appellants to pursue their common law remedies under the Jones Act, 46 U.S.C.A. § 688 and the Death on the High Seas Act, 46 U.S.C.A. § 761 et seq. The opinion below is reported at 124 F.Supp. 540.

Petitioner's F. V. Susan with a master and crew of six departed from Wildwood, New Jersey on December 4 or 5, 1953, to engage in commercial fishing and has never been heard from since. On February 9, 1954, before any law suits were begun, the petitioner filed a petition seeking exoneration from or limitation of liability alleging that the Susan was seaworthy in all respects; that she perished due to acts of God and perils of the sea; that petitioner was not in privity or knowledge of any condition which caused the disappearance; and that the vessel is believed to be a total loss and there is no pending freight or any limitation fund. On February 10, 1954 an order was entered directing the issuance of a monition, requiring the filing of all claims on or before March 16, 1954, and staying the prosecution of all suits except in the limitation proceeding. The appellants, as next of kin and distributees of the deceased seamen, filed the aforesaid motions in which they alleged, *inter alia*, that the vessel when it left port was unseaworthy to the owner's knowledge. The motions were heard together and denied with leave for an extension of time for filing claims until 30 days from a final determination of this appeal.

■ The appellants urge in support of their motions that seamen's claims based on unseaworthiness are not subject to limitation despite lack of knowledge or privity because such claims are contractual in nature and "personal" to

the owner. They rely on a line of cases which hold that as between parties to a charter-party the express or implied warranty of seaworthiness is personal to the owner and not subject to the Limitation Act.[1] These cases are based on a theory of a warranty implied in fact and recognize the right of the charterer to expressly disclaim such a warranty.[2] But the owner's *liability to a seaman* for failure to supply a seaworthy vessel flows from an obligation imposed by law which is absolute, non-delegable, and not subject to disclaimer.[3] In the former class of cases the obligation, since based on contract and not on law, is "personal" to the owner and therefore not subject to limitation. But the owner's liability to seamen for unseaworthiness, like the liability for negligence,[4] is imposed by law as an essential element of the relationship between owner and seaman,[5] is neither voluntary nor "personal," and is, therefore, subject to the Limitation Act.[6]

 Since we hold that the Limitation Statute is applicable to seamen's claims based on unseaworthiness, the issue of the owner's privity or knowledge must be litigated in the admiralty court, which has exclusive jurisdiction over that issue.[7] As this proceeding is a no-fund case, the owner will be entitled to exoneration from liability for seamen's claims and a permanent injunction against suits thereon in other forums if it shall be found entitled to limitation in the admiralty court.[8] In the interim, the owner is entitled to a restraining order against prosecution of any other suits on claims subject to limitation.[9] If, however, the owner shall be found not to be entitled to a limitation, his liability will be unlimited and there will be no need for a concourse to marshal the various claims. In that event the claims will no longer be "subject to limitation" within the meaning of Admiralty Rule 51 and, therefore, any order denying the owner's right to limitation should contain provisions for lifting the restraining order. At that time the claimants may elect to pursue their claims to judgment in the admiralty court[10] or pursue their rights under the Jones Act.[11]

1. Cullen Fuel Co. v. W. E. Hedger Co., 290 U.S. 82, 88, 54 S.Ct. 10, 78 L.Ed. 189; Pendleton v. Benner Line, 246 U.S. 353, 38 S.Ct. 330, 62 L.Ed. 770; W. E. Hedger Transp. Co. v. Gallotta, 2 Cir., 145 F.2d 870; W. R. Grace & Co. v. Charleston Lighterage & Transfer Co., 4 Cir., 193 F.2d 539.

2. Cullen Fuel Co. v. Hedger Co., supra; Petition of Reliance Marine Transp. & Const. Corp., 2 Cir., 206 F.2d 240, 243; Thomas Jordan, Inc. v. Mayronne Drilling Mud, Chemical & Engineering Service, 5 Cir., 214 F.2d 410; Aaby v. States Marine Corp., 2 Cir., 181 F.2d 383, certiorari denied 340 U.S. 829, 71 S.Ct. 66, 95 L.Ed. 609.

3. Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099; Mahnich v. Southern S.S. Co., 321 U.S. 96, 64 S.Ct. 455, 88 L.Ed. 561; The Osceola, 189 U.S. 158, 23 S.Ct. 483, 47 L.Ed. 760; Sabine Towing Co. v. Brennan, 5 Cir., 72 F.2d 490, certiorari denied 293 U.S. 611, 55 S.Ct. 141, 79 L.Ed. 701.

4. Although the liability for unseaworthiness like that for negligence is imposed by law so that neither may be effectively disclaimed, the former is a species of liability regardless of fault imposed on the theory that the owner, unlike the worker, is in a position to distribute the loss in the shipping community which receives the service and should bear the cost. Seas Shipping Co. v. Sieracki, 328 U.S. 85, 93–94, 66 S.Ct. 872, 90 L.Ed. 1099.

5. Seas Shipping Co. v. Sieracki, supra.

6. See The Cleveco, 6 Cir., 154 F.2d 605. Cf. In re East River Towing Co., 266 U.S. 355, 45 S.Ct. 114, 69 L.Ed. 324.

7. Ex parte Green, 286 U.S. 437, 439–440, 52 S.Ct. 602, 76 L.Ed. 1212.

8. Cf. Providence & New York S.S. Co. v. Hill Mfg. Co., 109 U.S. 578, 594–595, 3 S.Ct. 379, 27 L.Ed. 1038; Black Diamond S. S. Corp. v. Robert Stewart & Son, 336 U.S. 386, 393, 69 S.Ct. 622, 93 L.Ed. 754.

9. Admiralty Rule 51, 28 U.S.C.A.

10. Hartford Accident & Indemnity Co. v. Southern Pacific Co., 273 U.S. 207, 47 S.Ct. 357, 71 L.Ed. 612; Just v. Chambers, 312 U.S. 383, 61 S.Ct. 687, 85 L.Ed. 903; Spencer Kellogg & Sons v. Hicks, 285 U.S. 502, 52 S.Ct. 450, 76 L.Ed. 903. These

11. See Note 11 on following page.

■ However, in order to protect claimants from the running of the statute of limitations under the Jones Act [12] pending the determination of the issues in the limitation proceedings, the district court should on motion modify the restraining order to permit claimants to institute actions at law but pending determination of the owner's right to exoneration enjoin further prosecution of actions thus instituted and claim of default therein for failure of the owner to plead.

Affirmed with leave to move for a modification of the order below.

cases were relied upon by petitioner-appellee to show the exclusivity of admiralty jurisdiction in a no-fund case. However, they merely establish the continuing jurisdiction in admiralty to dispose of the remaining issues after denying limitation and the right of the *claimants* to insist upon the exercise of such jurisdiction.

11. 46 U.S.C.A. § 688.

In the Petition of Trinidad Corporation, 2 Cir., 229 F.2d 423, we held that absent an inadequate fund there was no " 'many-cornered controversy' " which required a concourse. We there indicated that upon a finding of an adequate fund the issue of limitation became moot and claimants might therefore pursue independent actions within or without admir-

alty. In the present case the nonexistence of a fund makes consideration of the owner's petition for limitation primary. However, if that petition should be denied the claimants will be entitled to pursue independent actions for the same reasons indicated in Trinidad, i.e., the lack of competing interests among claimants in a limited fund. Petition of Texas Co., 2 Cir., 213 F.2d 479; Curtis Bay Towing Co. v. Tug Kevin Moran, 2 Cir., 159 F.2d 273.

12. The Jones Act, 46 U.S.C.A. § 688, by reference to the Federal Employers' Liability Act, 45 U.S.C.A. § 56, provides an inflexible 3-year statute of limitations, Cox v. Roth, 348 U.S. 207, 210, 75 S.Ct. 242, 99 L.Ed. 260.