**Petition of TRAWLER WEYMOUTH, INC., for Exoneration from or Limitation of Its Liability as Owner of the F/V WEYMOUTH.**

**No. 63–32.**

United States District Court
D. Massachusetts.

Nov. 7, 1963.

Robert J. Hallisey, and Hiller B. Zobel, Boston, Mass., for petitioner.

Morris D. Katz, Boston, Mass., for claimant.

WYZANSKI, District Judge.

The issue is whether in a limitation of liability proceeding, pursuant to the Limited Liability Act, 46 U.S.C. §§ 183, 184, and 185, the admiralty court should restrain an administratrix from proceeding with a single state action seeking recovery on three causes of action, one, under the Jones Act, 46 U.S.C. § 688, for injuries to her decedent, a second, under the same act, for death, and a third, under the admiralty and maritime law, for cure and maintenance.

The petition for limitation of liability, filed May 21, 1963, amended November 7, 1963, alleges that on December 11, 1962 Houlihan died aboard the Weymouth of a coronary infarct due to coronary occlusion; that the vessel was seaworthy and his death was not due to any fault of the vessel, her owner, or those in charge; that on March 4, 1963 Houlihan's administratrix served on petitioner a Massachusetts writ beginning in the courts of the Commonwealth a jury action alleging damages of $151,500 for injuries, death, and expenses; and that the Weymouth had·a value of $40,000. The petition·seeks the usual relief including an order restraining the prosecution of all proceedings against petitioner arising out of Houlihan's death.

As yet no restraining order has been issued.

The administratrix has stipulated that she will confine the action she has brought in the state court to the two Jones Act causes of action, respectively for injuries and for death, and the maritime cure and maintenance cause of action. She has also stipulated that this Court shall determine all issues of limitation of liability and that no state court judgment shall be as to any fact or issue *res judicata* in the limitation proceeding.

The administratrix has filed in this Court a claim covering the same Jones Act and maritime causes of action upon which she has brought suit in the state court. No other claimant has appeared; and on November 7, 1963 all other claimants were defaulted.

The prayer for a restraining order should be denied.

■ Recent Supreme Court cases, e. g. Maryland Casualty Co. v. Cushing, 347 U.S. 409, 74 S.Ct. 608, 98 L.Ed. 806

and Lake Tankers Corp. v. Henn, 354 U.S. 147, 77 S.Ct. 1269, 1 L.Ed.2d 1246, have recently reviewed the history, policy, and application of the Limitation of Liability Act. As Justice Clark observed in the latter case, "the shipowner, so long as his claim of limited liabilty is not jeopardized, is subject to all common-law remedies available against other parties in damage actions" (354 U.S. p. 153, 77 S.Ct. p. 1273, 1 L.Ed.2d 1246). Where *concursus* is not necessary to the protection of the statutory right to limit liability there is no occasion to draw to the admiralty court litigation that has begun or may begin in other courts. (See 354 U.S. p. 154, 77 S.Ct. p. 1273, 1 L.Ed.2d 1246).

██ Thus, for example, if a vessel owner is faced with but one claim, even if it be for more than the value of the vessel and its pending freight, and if the claimant concedes the owner's right to litigate in the federal court all issues relating to limitation, the claimant may without restraint proceed with his claim in a state court. Langnes v. Green, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520; Ex parte Green, 286 U.S. 437, 52 S.Ct. 602, 76 L.Ed. 1212. See Gilmore and Black, The Law of Admiralty, pp. 692–695. Likewise, when there are many claims but they will be less than the value of the vessel and its pending freight, the claimants may proceed without restraint. Lake Tankers Corp. v. Henn, supra. See Note, 71 Harv.L.Rev. 85, 199–200.

██ In the case at bar although the administratrix has three separate causes of action [see The Four Sisters, D.Mass., 75 F.Supp. 399], they are vested in one person; they have been presented to the state court in one declaration; they will result in one judgment; and, in Judge Swan's words in Petition of Red Star Barge Line, 2d Cir., 160 F.2d 436, 437 (which involved an administratrix's two Jones Act claims, one for injuries to her decedent and the other for his death), they "resulted in only one possible claim against the limitation" petitioner. Cf. Fitzgerald v. United States Lines, 374 U.S. 16, 21, lines 6–9, 83 S.Ct. 1646, 10 L.Ed.2d 720. This case is quite unlike the "multiple-claim-inadequate-fund" situation in Pershing Auto Rentals, Inc. v. Gaffney, 5th Cir., 279 F.2d 546, 549.

No matter how the administratrix's state litigation terminates the petitioner cannot be prejudiced. If in the state action defendant prevails, that is an end of the matter. If plaintiff secures a judgment of less than $40,000 in the state court there will be no occasion for further limitation proceedings in this Court. If she secures a judgment of more than $40,000, all issues of limitation will be adjudicated in this Court. Cf. Ex parte Green and Petition of Red Star Barge Line, both supra; W. E. Hedger Transp. Corp. v. Gallotta, 2d Cir., 145 F.2d 870, 872; In re Trawler Gudrun, D.Mass., 101 F.Supp. 586.

Petitioner's prayer for a restraining order denied. Administratrix's motion to vacate a non-existent restraining order denied as moot.