**In the Matter of the Petition of J. J. Dunn, Inc., a Michigan Corporation, for Exoneration from or Limitation of Liability as the Owner of the Gasoline Screw Cruiser LADY D, her Engine and Equipment.**

**J. J. DUNN, INC., Plaintiff-Appellee,**

v.

**CHRIS–CRAFT CORPORATION, Defendant-Appellant.**

No. 19188.

United States Court of Appeals Sixth Circuit.

Sept. 3, 1969.

Fred H. Keidan, Detroit, Mich., Watson, Lott & Wunsch, Detroit, Mich., on brief for appellant.

John A. Hamilton, Detroit, Mich., Foster, Meadows & Ballard, Detroit, Mich., on brief for appellee.

Before PECK, McCREE * and COMBS, Circuit Judges.

PER CURIAM.

Chris-Craft Corporation has appealed from the denial of its motion to modify an order for monition and injunction issued in the Matter of J. J. Dunn, Inc.

The gasoline cruiser "LADY D" departed from her dock at Detroit, Michigan, on April 23, 1965. Upon arrival at an Ontario, Canada, port on April 24, the master discovered his four passengers dead from carbon monoxide poisoning in the cabin of the vessel. One of the passengers was John J. Dunn, Jr., a major stockholder in J. J. Dunn, Inc., owner of the vessel. These proceedings were precipitated by an action in admiralty brought against J. J. Dunn, Inc., by the administrator of the estate of Cass Flowers, one of the passengers.

The estate of John J. Dunn, Jr., then filed, on June 15, 1965, in the Wayne County, Michigan Circuit Court an action against Chris-Craft Corporation, manufacturer of the vessel and others.

J. J. Dunn, Inc., on July 14, 1965, filed in the United States District Court for the Eastern District of Michigan a petition for exoneration from or limitation of liability. It was requested in the petition that J. J. Dunn, Inc., be exempted from liability or, in the alternative, be allowed to claim the benefits of the limitation of liability statute, 46 U.S.C. §§ 183–189. An injunction was requested to restrain the commencement and prosecution in any other court of proceedings against J. J. Dunn, Inc., growing out of the fatal accident. The district court issued an order for monition and injunction directing all persons having claims against J. J. Dunn, Inc., arising out of this disaster to file them in that court before August 31, 1965. Thereafter, actions were filed in the district court on behalf of the other two passengers. (The estate of John J. Dunn, Jr., did not file an action against J. J. Dunn, Inc.)

The Wayne County Circuit Court, on August 9, 1968, granted the motion of Chris-Craft that it be permitted to join J. J. Dunn, Inc., as third-party defendant on the theory that it might be liable to Chris-Craft for contribution. Chris-Craft thereafter, on October 11, 1968, filed motion in district court seeking modification of the monition and injunction order to permit it to file its third-party complaint in the state court or, in the alternative, that it be permitted to file a late claim against J. J. Dunn, Inc., in the pending admiralty action. This appeal is from denial of that motion.

We think Chris-Craft is entitled to protect its possible right to contribution. Although the appellee, J. J. Dunn, Inc., has a right to have the exoneration from or limitation of liability issue decided by the district court, an appropriate order can be fashioned protecting that right but still allowing Chris-Craft to preserve its possible state court right to contribution. Any judgment for contribution which Chris-Craft might recover against J. J. Dunn, Inc., can be submitted to the district court for execution in accordance with its determination of the issue of liability.

■ Under Michigan law, a right to contribution exists only if there is a joint judgment or a party potentially liable has been made a third-party defendant. Michigan Statutes Annotated § 27A.2925, C.L.Mich.1948. § 600.2925 [P.A.1961, No. 236]; Michigan General Court Rule 204.

■ The appellee, J. J. Dunn, Inc., places too much reliance on 46 U.S.C. § 185 and Admiralty Rule 51. True, these provisions establish in general the vessel owner's right to a concourse of claims in the admiralty proceeding and to freedom from suit in other courts. But, exceptions have been made to this general

* Judge McCree took no part in the consideration or decision of this case.

rule based on unusual circumstances in individual cases. Guillot v. Cenac Towing Company, 366 F.2d 898 (5th Cir. 1966); In re Wood's Petition, 230 F.2d 197 (2nd Cir. 1956); Petition of Trawler Weymouth, Inc., 223 F.Supp. 161 (D.C. Mass.1963).

█ The district judge gave no reasons for his ruling so we can only speculate as to his reasoning. The appellee contends that Chris-Craft's delay in seeking to file its claim for contribution is sufficient reason for its denial. Admittedly, no great diligence has been shown by Chris-Craft. However, the delay has not prejudiced the rights of any of the parties and it would appear that final disposition of these proceedings will not be unduly delayed by permitting Chris-Craft to protect its possible right to contribution. The district judge should have flexibility in choosing the manner in which this can best be done and it is not our intention to limit him to a specific method. We are merely directing that an appropriate order be entered allowing Chris-Craft to protect any right to contribution which it might have against J. J. Dunn, Inc.

Reversed and remanded for proceedings consistent with this opinion.