James E. WHEELER, Appellant,

v.

MARINE NAVIGATION SULPHUR
CARRIERS, INC., Appellee.

William J. EDWARDS, Appellant,

v.

MARINE NAVIGATION SULPHUR
CARRIERS, INC., Appellee.

Gale YOUNG, Appellant,

v.

MARINE NAVIGATION SULPHUR
CARRIERS, INC., Appellee.

Charles E. SATTERFIELD, Appellant,

v.

MARINE NAVIGATION SULPHUR
CARRIERS, INC., Appellee.

John C. ZBIEGIEN, Appellant,

v.

MARINE NAVIGATION SULPHUR
CARRIERS, INC., Appellee.

Peter W. GEORGOPOULOS, Appellant,

v.

MARINE NAVIGATION SULPHUR
CARRIERS, INC., Appellee.

Dennis WILSON, Appellant,

v.

MARINE NAVIGATION SULPHUR
CARRIERS, INC., Appellee.

Henry J. WELLS, Appellant,

v.

MARINE NAVIGATION SULPHUR
CARRIERS, INC., Appellee.

Ezell MAYS, Appellant,

v.

MARINE NAVIGATION SULPHUR
CARRIERS, INC., Appellee.

Frank BANKS, Appellant,

v.

MARINE NAVIGATION SULPHUR
CARRIERS, INC., Appellee.

James TRIPP, Jr., Appellant,

v.

MARINE NAVIGATION SULPHUR
CARRIERS, INC., Appellee.

Ira CARTER, Appellant,

v.

MARINE NAVIGATION SULPHUR
CARRIERS, INC., Appellee.

Herbert KREBS, Appellant,

v.

MARINE NAVIGATION SULPHUR
CARRIERS, INC., Appellee.

James LYLE, Appellant,

v.

MARINE NAVIGATION SULPHUR
CARRIERS, INC., Appellee.

Nos. 84–2087(L), 84–2089 to 84–2101.

United States Court of Appeals,
Fourth Circuit.

Argued April 2, 1985.
Decided June 17, 1985.

Marvin I. Barish, Philadelphia, Pa. (Adler, Barish, Daniels, Levin & Cheskoff, Philadelphia, Pa., C. Arthur Rutter, Jr., Breit, Rutter & Montagna, Norfolk, Va., on brief), for appellant.

Robert M. Hughes, III, Norfolk, Va. (John R. Crumpler, Jr., Seawell, Dalton, Hughes & Timms, Norfolk, Va., on brief), for appellee.

Before WINTER, Chief Judge, and SPROUSE and SNEEDEN, Circuit Judges.

HARRISON L. WINTER, Chief Judge:

Dissatisfied with their damage awards and, in the case of James E. Wheeler and Peter W. Georgopoulus, the judgment for defendant, plaintiffs, crew members of the S/T MARINE FLORIDIAN, appeal from the district court's final judgment, which, *inter alia*, denied their demands for jury trial of their personal injury actions brought under the Jones Act. The district court held that plaintiffs were not entitled to jury trials even though: they had exercised that right in their original actions filed in Pennsylvania, the district court had denied defendants' exoneration and limitations claims, and the district court had lifted the monition thereby permitting plaintiffs to return to the original forum to pursue their original claims but had again become the forum for their actions upon a defendant's motion to transfer. Because we believe that once the district court denied defendants' limitation claim, plaintiffs were entitled to elect to pursue their original actions in the original forum with a jury trial or to the forum to which the case was transferred, we reverse and remand with instructions that plaintiffs be afforded jury trials.

### I.

Plaintiffs' claims arise from a February 24, 1977 accident on the James River when the S/T MARINE FLORIDIAN on which they were members of the crew struck the Benjamin Harrison Memorial Bridge. On March 8, 1977 they filed Jones Act claims in the United States District Court for the Eastern District of Pennsylvania exercising their right to a jury trial. Defendants, Marine Navigation Sulphur Carriers, Inc., registered owner of the S/T MARINE FLORIDIAN, and Marine Transport Lines, Inc., bareboat charterer, chartered owner and operator of the ship, then brought an action for exoneration from liability or for limitation of liability in the United States District Court for the Eastern District of Virginia pursuant to 46 U.S.C. §§ 183, *et*

*seq.* The district court for the Eastern District of Virginia then issued an order requiring all persons having any claim arising out of the collision to file such claim in the limitation proceeding and restraining the commencement or prosecution of pending actions against defendants arising from the accident. Pursuant to that order, plaintiffs filed their claims in the limitation proceeding. Further consideration of plaintiffs' actions in the Eastern District of Pennsylvania was held in abeyance.

After trial to the court of the limitation proceeding, the Virginia district court denied defendants' claims for exoneration or limitation of liability, and we affirmed. *In the Matter of the Complaint of Marine Navigation Sulphur Carrier, Inc.,* 610 F.2d 812 (4 Cir.1979) (unpublished). Subsequently, the district court heard and granted plaintiffs' motion to lift the monition and to permit them to prosecute their actions in the Pennsylvania district court where they had prayed a jury trial. However, the Pennsylvania district court, on March 18, 1982, 545 F.Supp. 39, transferred the cases to the Eastern District of Virginia on grounds of *forum non conveniens*.[1] On June 17, 1982, the Virginia district court issued an order sua sponte denying plaintiffs' demands for a jury trial and referring the claims instead to United States Magistrate James T. Turner, acting as a special master. The rationale of this order appears to be that since plaintiffs had, pursuant to order of court, filed claims in the limitation proceedings, their cases should be tried as a continuation of that proceeding and not as separate, transferred actions. The district court denied plaintiffs' unopposed motion to vacate its June 17 order, notwithstanding that defendant advised that it could advance no authority to support it. On August 13, 1984, the district court filed an order affirming Magistrate Turner's findings as to liability and damages and again ruling that plaintiffs were not entitled to jury trials.

---

1. Judge Richard B. Kellam had presided over the limitation action and had issued the order

lifting the monition; the returned cases were assigned to Chief Judge John A. MacKenzie.

## II.

In *Lake Tankers Corp. v. Henn*, 354 U.S. 147, 77 S.Ct. 1269, 1 L.Ed.2d 1246 (1957), an adequate-fund case and therefore not a case directly on point, the Supreme Court underscored the limited purpose of the Limited Liability Act's jurisdictional provisions. In that case all claimants, including Mrs. Henn, relinquished all rights to damages in excess of the amount in the limitation fund. Accordingly, the district court vacated its order restraining Mrs. Henn's state wrongful death action, and the Supreme Court affirmed. The Court explained that the limitations procedure is necessary to apportion the limitation fund among claimants where that fund is inadequate to pay the claims fully. Where the limitations fund is adequate to meet all claims, however, concursus is unnecessary and the Act should not shield a defendant from suit in a common law forum. *Id.* at 153–54, 77 S.Ct. at 1272–73. Otherwise, the Court noted, the Act would permit a defendant to bar a state court proceeding and thwart a plaintiff's right to a jury trial even where concursus served no purpose. The Court declined to "transform the Act from a protective instrument to an offensive weapon by which the shipowner could deprive suitors of their common law rights." *Id.* at 152, 77 S.Ct. at 1272.

Plaintiffs' damages claims are not limited to the amount in the limitation fund. But even though this is not an adequate-fund case and *Lake Tankers* is not controlling, its admonition not to turn the limitation proceeding into an offensive weapon is applicable here. Once the district court denied limitation of liability, the reason for concursus disappeared, since the district court no longer needed to ensure the fair distribution among claimants of the limitation fund. With the reason for concursus and restraint of other proceedings removed, no reason remained to deprive plaintiffs of their choice of forum or of their statutory right to jury trials. Indeed, when the district court lifted the monition and allowed plaintiffs to return to their original forum, it recognized that *Lake Tankers'* reasoning dictated that result.

■ Each circuit that has considered this question has ruled that once limitation is denied, plaintiffs should be permitted to elect whether to remain in the limitation proceeding or to revive their original claims in their original fora. *Fecht v. Makowski*, 406 F.2d 721 (5 Cir.1969); *Moore-McCormack Lines, Inc. v. Richardson*, 295 F.2d 583 (2 Cir.1961), *cert. denied*, 368 U.S. 989, 82 S.Ct. 606, 7 L.Ed.2d 526 (1962); *Pershing Auto Rentals, Inc. v. Gaffney*, 279 F.2d 546 (5 Cir.1960); *In re Wood's Petition*, 230 F.2d 197 (2 Cir.1956); *The Silver Palm*, 94 F.2d 776 (9 Cir.1937). Although one district court has adopted an opposite rule out of concern for judicial economy, *In re Sause Brothers Ocean Towing Co.*, 193 F.Supp. 14 (D.Or.1960), we find the reasoning of the Second, Fifth, and Ninth Circuits more persuasive and adopt their rule.

■ As noted, the district court permitted plaintiffs to elect to return to Philadelphia where they were entitled to jury trials. The subsequent change of venue did not disentitle plaintiffs to this right, notwithstanding the district court's earlier role sitting in admiralty jurisdiction in the limitation action. *Cf. Van Dusen v. Barrack*, 376 U.S. 612, 637, 84 S.Ct. 805, 819, 11 L.Ed.2d 945 (1964) (28 U.S.C. § 1404(a) simply authorizes "a change of courtrooms").[2]

■ The district court properly lifted the monition. Once plaintiffs exercised their option to renew their original suits, complete with jury trials, the transfer back to the Eastern District of Virginia should not have been the occasion to defeat their right to jury trials. We therefore reverse and

---

**2.** We are not persuaded by defendants' contention that failure to provide a jury trial was harmless error in the case of James Wheeler in which judgment for defendant was given. Defendant argues that the magistrate found that a verdict should have been directed against Wheeler. Our review of the Special Master's Report suggests otherwise. Thus we conclude that Wheeler's claim for damages should be submitted to a jury.

remand with instructions that the cases be retried before a jury.

REVERSED AND REMANDED.