Samuel T. Wyrick, III, Wyrick, Robbins, Yates & Ponton, Raleigh, NC, Reid G. Hinson, Clark, Newton, Hinson & McLean, Wilmington, NC, for plaintiff.

J. Harold Seagle, George Rountree, III, Rountree & Seagle, Wilmington, NC, for defendant.

**In the Matter of the Complaint of Herbert H. HILL, as Owner of the S/V Tax Shelter, for Exoneration From or Limitation of Liability.**

**No. 4:95–CV–34–BO(3).**

United States District Court,
E.D. North Carolina,
Eastern Division.

June 26, 1996.

## *ORDER*

TERRENCE WILLIAM BOYLE, District Judge.

This matter is before the undersigned at the joint request of the parties for determination of two procedural issues related to the trial. First, the court must determine whether claimant is entitled to a jury trial in another forum on the issue of damages if the court finds in her favor on the issues of exoneration from and limitation of liability. Second, the court must determine the order of proof to be established at trial. In addition, the parties have moved for an extension of the discovery deadline.

This case arises out of the loss at sea of the Motor Sailor TAX SHELTER, which was owned by plaintiff. During the course of the vessel's demise on December 21, 1994, claimant Beth Schwartz, a member of the crew, sustained injuries while attempting to save a fellow crewman who had been tossed overboard. On April 4, 1995, plaintiff filed a petition for exoneration from and limitation of liability pursuant to 46 U.S.C. § 183 and Supplemental Rule F of the Federal Rules of Civil Procedure. On June 2, 1995, claimant

filed an answer and claim in this matter and as well as a complaint in the Circuit Court of the 11th Judicial Circuit in Dade County, Florida. Both her federal court claim and her state court complaint allege claims for unseaworthiness, Jones Act negligence, and maintenance and cure.

The two filings differ, however, with respect to the requested relief. The federal court claim and answer request this court to find that plaintiff "is not entitled to exoneration from or limitation of liability, and that all of [c]laimant's claims ... were proximately caused by the unseaworthiness of the S/V TAX SHELTER at the commencement of the voyage and/or the negligence of the [p]laintiff." In contrast, the state court complaint demands a jury trial and prays for, inter alia, judgment against Herbert Hill, owner of the TAX SHELTER, for damages for her personal injuries, for maintenance and cure, and for punitive damages for Hill's refusal to pay maintenance and cure.

The parties now request the court to determine whether claimant is entitled to a jury trial in state court on the issue of damages if the court denies plaintiff's petition for exoneration from and limitation of liability.[1] Plaintiff argues that the court, sitting in admiralty, should hear the issue of damages in a separate proceeding after determining the issues of exoneration from and limitation of liability. Claimant responds that her right to a jury is preserved by the Jones Act, 46 U.S.C. § 688.

The dispute between the parties results from the friction created by the nature of the claims before the court. Plaintiff brings its petition in admiralty pursuant to the Limitation of Liability Act, 46 U.S.C. §§ 181–89. The Act provides that the "liability of the owner of any vessel ... for any loss, damages, or injury ... done, occasioned, or incurred, without the privity or knowledge of such owner or owners, shall not ... exceed the amount or value of the interest of such owner in such vessel, and her freight then pending." *Id.* § 183(a). Once a limitation action is filed, the district court must enjoin

the prosecution of any claims subject to the limitation action.[2] Fed.R.Civ.P. Supplemental Rule F(3). Sitting in admiralty, the court then conducts a concursus, in which it determines whether there was negligence and, if so, whether it was without the privity and knowledge of the vessel owner. *In re Great Lakes Dredge & Dock Co.*, 895 F.Supp. 604, 608 (S.D.N.Y.1995).

Because no right to a jury trial exists in actions instituted in admiralty, *see Fitzgerald v. United States Lines Co.*, 374 U.S. 16, 20, 83 S.Ct. 1646, 1650, 10 L.Ed.2d 720 (1963), and because the court has enjoined claimant from prosecuting her state court action, this procedure denies claimant her right to pursue her claims before a jury. This result conflicts directly with 28 U.S.C. § 1333 and the Jones Act. Section 1333 provides that district courts shall have exclusive original jurisdiction of "[a]ny civil case of admiralty or maritime jurisdiction, *saving to suitors in all cases all other remedies to which they are otherwise entitled.*" 28 U.S.C. § 1333 (emphasis added). Furthermore, the Jones Act provides that "[a]ny seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an *action for damages at law, with the right of trial by jury.*" 46 U.S.C. § 688 (emphasis added).

■ As recognized by the Fourth Circuit in *Wheeler v. Marine Navigation Sulphur Carriers, Inc.*, 764 F.2d 1008 (4th Cir.1985), the Limitation of Liability Act was intended to be a shield for vessel owners rather than a sword. *Id.* at 1011. Consequently, after a determination by a district court of the issue of limitation, the court should vacate its injunction, permitting the claimant to prosecute its legal claims before a jury in another forum. *Id.; see also Ex parte Green*, 286 U.S. 437, 52 S.Ct. 602, 76 L.Ed. 1212 (1932); *Langnes v. Green*, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520 (1931). The resultant procedure, although arguably less efficient, serves to protect the interests of both the ship owner and the claimant by permitting each to proceed in the forum of his own choosing.

---

1. Implicit in the briefs is that the parties agree that this court will try the issue of damages if it grants the petition for limitation.

2. The court entered such an injunction on August 28, 1995.

Applying this principle to the instant case, the court will hear and determine the issues of exoneration from and limitation of liability as requested by both parties. If limitation is granted, the court shall determine claimant's damages. If limitation is denied, the court shall lift the injunction and permit the remaining issues, including damages on all claims,[3] to be determined by a jury in state court. Any rulings by this court will, of course, bind the parties in the state court proceeding under the doctrine of collateral estoppel.

Turning to the parties' request for a determination of the order of proof to be established at trial, the court finds that the order suggested by both parties is appropriate. Although the procedural posture of a limitation action may be atypical, the posture does not alter the parties' burdens of proof. Thus, claimant shoulders the burden of proving negligence, unseaworthiness, and willful failure to pay maintenance and cure, and plaintiff bears the burden of proving its affirmative defense of lack of privity and knowledge. *In re United States,* 303 F.Supp. 1282, 1302–03 (E.D.N.C.1969), *aff'd,* 432 F.2d 1357 (4th Cir.1970). Accordingly, the order of proof shall be as follows:

1. Claimant shall introduce her evidence on the issue of liability on all claims.

2. Plaintiff shall introduce his evidence with respect to:

   a. his lack of fault, entitling him to exoneration, and

   b. his lack of privity and knowledge, entitling him to the limitation of his liability.

3. Claimant shall introduce her evidence controverting plaintiff's evidence of lack of privity and knowledge.

4. The court shall then determine:

   a. whether claimant has proven (1) that plaintiff was negligent and thus liable under the Jones Act, (2) that the vessel was unseaworthy, and (3) that plaintiff is liable for willful failure to pay maintenance and cure, and

   b. if liability for negligence or unseaworthiness is found, whether plaintiff has proven that he was without knowledge or privity in the fault for which he was found liable.

5. If the court determines that plaintiff is liable and not entitled to limit his liability, then the court shall lift the injunction, permitting plaintiff to proceed in her state court action against plaintiff on the issue of damages.

Finally, the parties move for an extension of the discovery deadline. In light of the extensive discovery yet to be completed, the court finds that an extension of the discovery period is warranted. Consequently, the deadline for completion of discovery is extended to October 1, 1996, and the bench trial of the exoneration and limitation issues is continued to the court's first trial term in January, 1997. Furthermore, claimant is ordered to redesignate its expert witnesses not later than seven days after entry of this order and plaintiff is ordered to designate its expert witnesses not later than fourteen days after entry of this order.

■ In sum, the court holds that claimant is entitled to a jury trial in state court on the issue of damages if the court finds in her favor on the issues of exoneration from and limitation of liability. Furthermore, the order of proof and discovery shall proceed as indicated above.

---

**3.** Although plaintiff has stated admiralty claims for unseaworthiness and maintenance and cure, which ordinarily do not entitle her to a jury, both the United States Supreme Court and the Fourth Circuit have held that such admiralty claims should go to the jury when joined with a Jones Act claim arising from the same nucleus of operative facts. *Fitzgerald,* 374 U.S. at 21, 83 S.Ct. at 1650–51; *Vodusek v. Bayliner Marine Corp.,* 71 F.3d 148, 153–54 (4th Cir.1995).